JOSEPH C. LINDSLEY et al., appellants,

*v.*

THE FIRST CHRISTIAN SOCIETY IN CAMPTOWN, respondents.

1. Testator, by his will, gave his estate, real and personal, to his wife for and during her natural life, and after her death to his daughter for life, with power to the daughter to dispose of the same by her last will and testament. The daughter made her will in due form and died in the lifetime of her mother.—*Held*, that it was a good execution of the power of appointment.

2. A testatrix may, by the same clause in her will, dispose of her own property and that over which she has simply the power of appointment.

3. The fund disposed of under the power of appointment must be paid by the executors of the testator to the beneficiaries named in the will of the daughter and not to her executors.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose conclusions were as follows:

*First.* The power given by the will of Caleb H. Camp, deceased, to his daughter, Mary Ann Baldwin, vested immediately on the probate of his will, and she had good right to exercise it, in the appointed method, at any time thereafter.

*Second.* The power was only intended to be effectual against that part of the testator's estate which is limited over to the child or children of Mary Ann Baldwin, " in case she shall die without executing a last will and testament, or instrument in writing in the nature thereof ; " which was, of course, such part of the *corpus* of the personal estate as it should not be necessary to expend for the convenient and comfortable support of Mary Ann Baldwin, and the remainder in fee of the real estate, after the termination of two life estates, one vested, and the other contingent on the taker's surviving her mother.

*Third.* Under the codicil to the will of Caleb H. Camp, Mary Ann Baldwin took the proceeds of the sale of the real estate, in case it was conveyed pursuant to the testator's direction, abso-

lutely, subject, of course, to her mother's right to the interest for life.

*Fourth.* Mary Ann Baldwin, by the codicil to her will, exercised both her power of appointment and her power of testamentary disposition; in other words, she disposed of both the property which she held in her own right as well as that over which she had a power of appointment. The doctrine is settled, that a testator may, by the same clause of his will, exercise both his power of appointment and his right of testamentary disposition—he may by the same clause dispose of both his own property and that over which he has simply a power of appointment. *Elliott* v. *Elliott, 15 Sim. 321; Ferrier* v. *Jay, L. R. (10 Eq.) 550; In re Teape's Trusts, L. R. (16 Eq.) 442.*

It has also been held that where a testator intends to execute a power, which he supposes he holds, and so declares by his will, but it turns out that he does not possess the power, or that no such power exists, yet if it appears that the fund which he attempted to dispose of, by the exercise of the power, is his, his will will pass it. *1 Wms. on Exrs. (6th Am. ed.) 106,* citing *Southall* v. *Jones, 1 Sw. & Tr. 298.*

The intention of the testator in such cases, as in all other testamentary matters, is the law by which the judgment of the court must be goverred. The language in which the testatrix has expressed her purposes, leaves no doubt whatever in my mind that she intended, by the codicil, to dispose of the whole of her father's estate, including both that which she owned in her own right, as well as that over which she had a power of appointment.

*Fifth.* The defendants, the First Christian Society of Camptown, are a *de facto* corporation, and as such are entitled, in this court, to full recognition and protection. If they are not a corporation *de jure*, the parties interested in having that fact adjudged must seek their remedy elsewhere. *National Docks Railway Co.* v. *Central Railroad Co. of New Jersey, 5 Stew. Eq. 755.*

*Sixth.* The misnomer of the defendants will not defeat the bequest made to them. *Smith's Exr.* v. *Presbyterian Church of Bloomsbury, 11 C. E. Gr. 132.*

*Seventh.* The executors of the appointee are the proper persons to execute the appointment. *Cowx* v. *Foster, 1 Johns. & H. 30 ; Ferrier* v. *Jay, L. R. (10 Eq.) 550.*

The complainant will be directed to pay and deliver the estate in his hands to the executor of Mary A. Baldwin, deceased.

*Mr. John Whitehead,* for appellants.

*Mr. E. C. Harris,* for society.

The opinion of the court was delivered by

VAN SYCKEL, J.

Caleb H. Camp, by his last will and testament, admitted to probate in Essex county on the 19th of March, 1872, among other things, devised and bequeathed as follows :

" I also give and bequeath to my said wife (Experience Camp) the use of my house and lot, and all other real estate of which I may die seized, and the interest and income of all the residue of my personal estate for and during her natural life, or so long as she remains my widow.

" Upon the death or marriage of my wife I give and bequeath to my daughter, Mary Ann Baldwin, wife of Harris M. Baldwin, the use of all my real estate aforesaid, and the interest and income of all the residue of my personal estate aforesaid, ·to use, occupy and possess the said real estate, or to receive the rents and profits thereof, and the interest and income of said personal estate for her own use, and upon her own receipts and subject to her own control during her life; I do further hereby authorize and empower my said daughter absolutely to dispose of all the said real and personal estate that may remain at the time of her death, by her last will and testament or an instrument in writing in the nature thereof, signed in the presence of two witnesses, and in case she shall die without executing such will ór instrument in writing in the nature thereof, then I do give and bequeath the said real and personal estate to the child or children of my said daughter, if any she shall have, their heirs and assigns, and in case she shall have no child or children, then I give and bequeath the same to my own right heirs and next of kin, to be divided and distributed according to the laws of this state."

Mary Ann Baldwin died in June, 1881, having, by her last will and testament, executed in due form, exercised the power of appointment conferred upon her by her father's will.

Her mother, Experience Camp, who survived her, died in April, 1882.

The first question in the cause is, whether the power of appointment given to Mary A. Baldwin by the will of her father, vested immediately on the probate of his will, so that she could make a valid exercise of it before her mother's death.

In *Countess of Sutherland* v. *Northmore, 1 Dick. 56*, where a *feme covert* had power, under a marriage settlement, to create a term and raise money after the death of her husband, and being in distress executed that power in the lifetime of her husband, it was held that the power was well executed and effective at his death.

In *Dalby* v. *Pullen, 2 Bing. 144*, the testator devised estates to trustees for the use of his daughter for life, remainder to the use of her son in fee, but in case he should die without issue in the lifetime of the daughter, and there should be no other issue of her body then living, then to the use of such persons as she should, by deed or will, appoint; and there being no other issue, the mother and son executed an appointment and conveyance in fee. The power of appointment was held to be well executed by the mother in the lifetime of the son.

In *Wandesforde* v. *Carrick, L. R. (5 Irish Eq.) 486*, the rule was declared to be, that where a power is given to a designated person, to be executed upon a contingency, it may be executed before the happening of the contingency, and it will be valid on the subsequent happening of the event. The two cases above referred to were cited in support of the doctrine.

*Ashford* v. *Cafe, 7 Sim. 641*, is to the same effect. There the testator gave a fund to trustees for his sister for life, and after her death in trust to transfer it to his niece, her executors &c., in case she should be then unmarried; but in case she should be then married, in trust to transfer the same to such persons as she, whether *sole* or married, should by deed or will appoint, and in default of appointment, in trust to pay the dividends to her for her separate use for life, and subject to the trusts aforesaid; the capital to be in trust for her, her executors &c. The niece married after the testator's death and, during her coverture and in

the lifetime of the testator's sister, made a will purporting to be an execution of the power given to her by the testator, and died before the life tenant.—*Held*, that the will was a good exercise of the power.

In *Doe* v. *Tomkinson, 2 M. & S. 165*, the exercise of the power by one sister in the lifetime of the other was held to be invalid, where the devise was to sisters and survivor, for life; with power to survivor to devise.

Lord Ellenborough distinguished the case from *Sutherland* v. *Northmore*, in that the power there was given to a designated person to be executed upon a contingency ; here the power was given to a contingent person, it being uncertain which sister would survive the other.

The rule is correctly stated in these cases, and it must be held that Mary A. Baldwin could well exercise the power in the lifetime of her mother.

There is nothing in the testator's will to indicate an intention to engraft a limitation upon the power that it shall be contingent upon the survival of Mary. The gift over is made only in the event that she fails to exercise the power in her lifetime, and not upon the contingency that she shall survive her mother. The testator's intention clearly was that his daughter should have the absolute power of disposition of his estate subject only to the provision for his wife; that she should at least so far enjoy it as to be permitted to make a testamentary disposition of it.

Caleb H. Camp, by a codicil to his last will and testament, also duly proved, directed that, in case his wife and his said daughter, Mary Ann Baldwin, should agree thereto in writing, his executors should sell and convey all his real estate in fee and invest the proceeds safely, and pay over the interest and income thereof to his wife for and during her natural life or so long as she remained his widow, and upon the death or remarriage of his said wife he gave the proceeds of said real estate to his daughter Mary Ann, to her own use and subject to her own control.

Under the authority of this codicil certain real estate of which Caleb H. Camp died seized was sold and conveyed in fee in May, 1872, and the proceeds thereof duly invested.

It is the well-settled rule that where a person bequeaths a sum of money or other personal estate to one for life, and after his decease to another, the interest of the second legatee is vested; and his personal representatives will be entitled to the property though he dies in the lifetime of the person to whom the property is bequeathed for life. *2 Wms. on Exrs. 1064; 1 Fearne on Remainders 552 (note); Fairly* v. *Kline, 2 Penn. 322,* [*755].

Under this codicil, therefore, Mary Ann Baldwin had a vested estate in the proceeds of the sale of these lands subject to her mother's right to the interest for life.

By a codicil to her last will and testament, dated June 16th, 1881, she provides as follows:

"In pursuance of the power and authority given to me, in and by the last will of my father, Caleb H. Camp, to dispose absolutely of all the property, real and personal, which I am entitled to use after the death of my mother, and whereof my mother, Experience Camp, now has the use, I do hereby, by this codicil to my last will, dispose of in manner following: I give and bequeath unto my said cousin, Emma Davey, wife of Joseph Davey, the sum of $500, and to my cousin, Ann Camp, the sum of $500, said sums to be paid out of the said property in and by my father's said will given to my mother to use during her life, and to me to use after her death, and to dispose of by my will. All the rest and residue of the said property so bequeathed and devised as aforesaid, by my father's will, I give, devise and bequeath to the trustees of the First Christian Church of Irvington." [Now known by the name of the First Christian Society in Camptown].

By this language she exercised not only the power of appointment under her father's will, but also her own power of testamentary disposition. She passed the property which she held in her own right under the codicil to her father's will, as well as that over which she had the power of appointment. The language of the codicil to her will is:

"All the rest and residue of the said property so bequeathed and devised as aforesaid by my father's will." [Which embraces everything of which her mother had the use for life].

A testator may, by the same clause, dispose of his own property

and that over which he has simply the power of appointment. *Elliott* v. *Elliott, 15 Sim. 321; Ferrier* v. *Jay, L. R. (10 Eq.) 550; In re Teape's Trusts, L. R. (16 Eq.) 442.*

The only remaining question is whether the executors of Mary A. Baldwin, the appointee under Caleb H. Camp's will, or the administrator *de bonis non* of Caleb H. Camp, shall execute the appointment made by Mary A. Baldwin.

The fund which Mary Ann Baldwin disposed of under the power of appointment contained in her father's will is properly in the hands of his administrator *de bonis non,* and can, in pursuance of his will, be paid only to such person or persons as the said Mary Ann shall appoint. By her will she has not appointed her executors to receive and disburse this fund, but has bequeathed it to certain specified persons—that is to say, to Emma Davey and Ann Camp—each the sum of $500 and the balance to the respondent, to whom it is the duty of Caleb H. Camp's personal representative to pay it, and thereby to execute the appointment.

The cases relied upon to maintain the right of Mary A. Baldwin's executors to receive this fund are not in point.

In *Cowx* v. *Foster, 1 Johns. & H. 30,* the fund was directed to be paid to the trustees, to whom the person who had the right to exercise the power expressly gave it.

So in *Ferrier* v. *Jay, L. R. (10 Eq.) 550,* a daughter who, by her father's will, had a power of appointment, gave her portion to trustees for certain objects in her will specified, and the vice-chancellor properly directed that the fund should be paid to the trustees under the daughter's will.

If Mary Ann Baldwin had in her will appointed trustees to receive the fund and distribute it among specified objects, they would have been entitled to receive and dispose of it.

The proceeds of the sale of the real estate, which vested absolutely in Mary A. Baldwin under the codicil to the will of her father, pass, by her will, into the hands of her executors. The fund which she disposes of under the power must be paid by the personal representative of Caleb H. Camp to the beneficia-

ries named in her codicil, and not to her executors. In this respect the decree below must be modified; in all other respects it should be affirmed.

*Decree unanimously affirmed.*