Dale *v.* White.

THOMAS N. DALE AND OTHERS *vs.* FORTUNE C. WHITE AND
OTHERS.

It is a well settled rule of construction, that a legacy given to a person or a class, to be paid or divided at a future time, takes effect in point of right on the death of the testator.

Where, in case of such a legacy, words of contingency or condition are used,

Dale *v.* White.

which may be construed as applying either to the gift itself or to the time of payment, courts are inclined to construe them as applying to the time of payment, and to hold the gift as vested rather than contingent.

A bequest was made in the following words:—"I give and bequeath" (certain specified stocks) "to my grandchildren, the children of my daughters *E* and *M*, that they now have or hereafter may have, to be equally divided between all my grand children when the youngest shall become of age, the interest or dividends thereon before that time to be drawn by their parents and equally divided among the whole of said grandchildren, according to their number at the time of drawing, and applied for the use of said grandchildren by and at the discretion of their parents." Held, that both the youngest grandchild, who died before he came of age, and another born after the testator's death and dying before the youngest, had a vested interest in the principal of the legacy, which descended to their heirs.

Whether such grandchildren had also a vested interest in the dividends accruing after their death, which enured to the benefit of their heirs: *Quære.*

AMICABLE SUIT, upon an agreed statement of facts, to determine a question arising upon the construction of a paragraph of the will of Nathaniel Patten, reserved by the superior court for the advice of this court. The case is sufficiently stated in the opinion.

*Hubbard* and *Parsons,* for the plaintiff, cited 1 Roper on Leg., 553; 1 Jarman on Wills, 760; 2 id., 75, 76, 79; *Sturges* v. *Pearson,* 4 Madd., 411; Redfield on Wills, 431; *Eldridge* v. *Eldridge,* 9 Cush., 516; *Fulton* v. *Fulton,* 2 Grant Cas., 28; *Corbin* v. *Wilson,* 2 Ashm., 178; *King* v. *Isaacson,* 17 Eng. Law & Eq., 455.

*T. C. Perkins* and *Goodman,* contra, cited 1 Jarman on Wills, 756, 761, 772; 2 Wms. Exrs, 1104; 1 Roper on Leg., 557, 601; *Phelps* v. *Phelps,* 28 Barb., 121; Redfield on Wills, 427 note, 429 note 1, 433, 434, 447, 451; *Young* v. *Robertson,* 4 Macq. House of Lords Cas., 314, 325; *Cole* v. *Creyon,* 1 Hill Ch. (So. Car.,) 322; *Haskins* v. *Tate,* 25 Penn. S. R., 249; *Hawkins* v. *Everett,* 5 Jones Eq., 42; *Jenkins* v. *Freyer,* 4 Paige, 47; *Knight* v. *Knight,* 3 Jones Eq., 167; *Foster* v. *Wick's Lessee,* 17 Ohio, 250; *Carver* v. *Jackson,* 4 Pet., 1, 90; *Nodine* v. *Greenfield,* 7 Paige, 544.

CARPENTER, J. Nathaniel Patten in his will made provision for the children of his two daughters as follows: "I give and bequeath one hundred shares of stock in the Hartford Bank, which now stands in the name of Fortune C. White, to my grandchildren, the children of my daughters Experience White and Mary Ann Munson, that they now have or hereafter may have, to be equally divided between all my grandchildren when the youngest shall become of age; the interest or dividends thereon before that time to be drawn by their parents, and equally divided among the whole of said grandchildren, according to their number at the time of drawing, and applied for the use of said grandchildren by and at the discretion of their parents." In other parts of his will he made provision for his wife, and also his two daughters.

At the time of his death Mrs. White had five children, all of whom are now living. Mrs. Munson had two children and has since had four more, two of whom have since died. All the living grandchildren are now of age; and the question is, in what proportions do they share in the legacy. If the legacy vested at the time of the testator's death, it is to be divided into eleven shares, of which the children of Mrs. White take five, and the four surviving children of Mrs. Munson take six. But if it was contingent, and did not vest till the youngest grandchild became of age, as there were but nine then living, each will take one ninth part.

We think the legacy vested at the death of the testator. It is a well settled rule of construction that a legacy given to a person or a class, to be paid or divided at a future time, takes effect in point of right on the death of the testator. In such case the contingency attaches, not to the substance of the gift, but to the time of payment. And where words are equivocal, leaving it in doubt whether the words of contingency or condition apply to the gift itself or the time of payment, courts are inclined to construe them as applying to the time of payment, and to hold the gift as vested rather than contingent. *Eldridge* v. *Eldridge*, 9 Cush., 516. As this legacy is not in terms made to depend upon any contingency or con-

dition, this rule would seem to be decisive of the case. But if we look at the language of the will, independent of any rule of construction, we shall come to the same result. It expressly provides that the legatees are to have the interest or dividends on the stock before the legacy is to take effect in possession; thus clearly evincing an intention that the legacy should vest in point of right immediately on the testator's death. In *Eldridge* v. *Eldridge* the court say:—" The words ' give and bequeath' in a testamentary paper import a benefit in point of right, to take effect upon the decease of the testator and proof of the will, unless it is made in terms to depend upon some contingency or condition precedent. It may be postponed, there may be no assets to answer it, it may not take effect in possession and enjoyment ; but, in the mean time, the right will vest to take effect according to the terms of the will." This is sound law and applicable to this case.

Again, at the time this will was made some of the grandchildren were unborn; a circumstance which was then in the mind of the testator as after-born grandchildren were expressly provided for. Now if the legacy was contingent, all the legatees must be postponed for more than twenty-one years. During that time some of them might die leaving issue. In that event, according to the defendants' construction, such issue would have no share in the legacy, but the share which the parent would have had, if living, would be divided not only among the brothers and sisters but the cousins also. We can not presume such to have been the intention of the testator. The circumstance that the dividends were to be " divided among the whole of said grandchildren according to their number at the time of drawing," can not affect the result. If the testator intended by these words to include the dead as well as the living, then there is nothing in this provision inconsistent with the construction we have given the preceding clause. If he did not, even then there is no necessary repugnancy in the will. In the first part the testator makes a disposition of the stock in language clearly evincing an intention to give a vested interest; and full effect

can and should be given to that intention, notwithstanding the manner in which the dividends are disposed of.

We therefore advise judgment for the plaintiffs.

In this opinion the other judges concurred.