JOSEPH A. NEWBERRY, ADMINISTRATOR, *vs.* DAVID HINMAN, ADMINISTRATOR.

A testator made the following bequest: "I give to *C* in trust for my son *L* one thousand dollars, the interest to be used for his benefit until of lawful age, then the principal to be his or his heirs and assigns forever." *L* survived the testator but died during his minority. Held—that the property vested in *L* upon the death of the testator.

CIVIL ACTION, brought to the Superior Court in Litchfield County by the plaintiff as administrator of the estate of Merritt Marks against the defendant as administrator of the estate of Lewis L. Marks, to recover money received by the defendant which was claimed by the plaintiff to belong to the former estate. Facts found and case reserved for advice. The case is fully stated in the opinion.

*H. B. Graves* and *C. B. Andrews*, for the plaintiff.

*D. C. Kilbourn*, for the defendant.

PARK, C. J. Merritt Marks died leaving a will, which contained among others the following bequest:—

"I give to Lewis Catlin of Harwinton, in trust for my son, Lewis L. Marks, the sum of one thousand dollars, the interest to be used for his benefit until of lawful age, then the principal to be his or his heirs and assigns forever."

The donee of this bequest survived the testator, and died without children during his minority.

These are all the facts; and the question is, did the beneficial interest in the thousand dollars vest in Lewis L. Marks on the death of the testator, so that on the decease of Lewis it became a part of his estate, or did this part of the legacy lapse by reason of his death during his minority?

In *Mathew Manning's Case*, 8 Coke, 187, it is said that, "where an absolute property is given, and a particular interest given, as until the devisee shall come of age, &c., and when he shall come of age, &c., then to him, &c., the rule is that that shall not operate as a condition precedent, but as a description of the time when the remainder-man is to take in possession."

In *Boraston's Case*, 3 Coke, 21, which is a leading case on this subject, the testator provided in his will that his lands should be held and managed by his executors until his youngest son should arrive at lawful age, and when his son should attain the age of twenty-one that it should go in fee to him, his heirs, &c. The son survived the testator and died during his minority. The court held that the estate vested in the son immediately upon the death of the testator, to be possessed on the determination of the intervening estate.

The case of *Goodtitle ex dem. Hayward* v. *Whitby*, 1 Burr., 228, is directly in point, and is to the same effect. In this case Lord MANSFIELD stated the rule to be, that "wherever the whole property is devised, with a particular estate given out of it, it operates by way of exception out of the absolute property." The case of *Doe ex dem. Wheedon* v. *Lea*, 3 Term Reps., 41, is another case *ad idem* with the case at bar. In that case it was decided that "a devise to trustees till *A* shall attain the age of twenty-four, and when he shall attain that age to him in fee, gives him a vested interest which will descend to his heirs, though he die before twenty-four." The case of *Mansfield* v. *Dugard*, 1 Eq. Cas. Abr., 195, is to the same effect, and is equally decisive

of the present question, and so are the following cases: *Doe ex dem. Wright* v. *Cundall*, 9 East, 400; *Edwards* v. *Symons*, 6 Taunt., 213; *Farmer* v. *Francis*, 2 Bing., 151; *Doe ex dem. Hodgson* v. *Ewart*, 7 Ad. &. Ell., 636.

The doctrine of these cases has been followed by numerous American decisions. Among them may be found the following. *Kerlin's Lessee* v. *Bull*, 1 Dall., 175; *Hodgson* v. *Gemmil*, 5 Rawle, 99; *Wells* v. *Ritter*, 3 Whart., 208; *Cowdin* v. *Perry*, 11 Pick., 503.

We are satisfied both on principle and authority that the bequest under consideration became vested in Lewis L. Marks on the death of the testator, and now forms a part of his estate.

The plaintiff contends that the bequest should be construed to mean, *if my said son shall arrive at lawful age, then the principal to be his, &c.*—thus making his arrival at lawful age a condition precedent to the vesting of the property. He claims that the adverb " then " has reference to the time when the property shall vest in the son, and not merely to the time when it shall come into his possession. In *Boraston's Case*, supra, the language is, " when my son shall attain the age of twenty-one," and the court said " that the words *when* and *then* in such a case only denote the time when the remainder shall take effect in possession; for when these adverbs refer to a thing which must of necessity happen, there they make no contingency." In the case of *Dale* v. *White*, 33 Conn., 294, this court said: " It is a well settled rule of construction that a legacy given to a person or class to be paid or divided at a future time, takes effect in point of right on the death of the testator. In such case the contingency attaches, not to the substance of the gift, but to the time of payment. And where the language is equivocal, leaving it in doubt whether the words of contingency or condition apply to the gift itself or to the time of payment, courts are inclined to construe them as applying to the time of payment, and to hold the gift as vested rather than contingent." See also *Eldridge* v. *Eldridge*, 9 Cush., 516.

It is further said that as the testator gave his wife a life interest in a third of the remainder of his estate after this and some other legacies were satisfied, it is manifest he did not intend to have her take any other property than that so given; and that, if this bequest vested in the son on the death of the testator, the widow would inherit the property from him if he died before attaining his majority, and thus this intention of the testator would be defeated. It is claimed also that this intent to keep the property within his own blood appears clearly from the whole will taken together. It is true that the intention of a testator, as manifested in his will, should be carried out, if it can be done consistently with well established principles; but we fail to see the force of this claim. If the son had lived till he was twenty-one years of age and had then died without children, the property would have taken the same course that it does now. This is conceded. When the will was made, and the testator died, the probability that his son would live till his majority must have been greater than that he would not; and consequently, if the testator designed by this bequest that the property should not vest in the son before his majority in order to prevent his wife from ever acquiring an interest in it, he attempted to make provision only against a small part of the danger. But we think that, if anything can be deduced from the bequest tending to show the intent of the testator, it is the very opposite. The language is, "then the principal to be his or his heirs." It is evident that the testator contemplated the possibility of his son's dying before arriving at his majority, and in that event the money was to be paid to his heirs; to be paid to him if alive, or to his heirs if he should be dead.

The Superior Court is advised to render judgment for the defendant.

In this opinion the other judges concurred.