MARSHALL H. MALLORY ET AL., EXECUTORS AND TRUSTEES, *vs.* WILLIAM W. MALLORY ET AL.

Third Judicial District, Bridgeport, Oct. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

After giving his entire estate to three trustees for the life use of his widow, with power to expend the principal at their discretion for her support, the testator provided that the trustees should transfer one third part of the remainder to his son *A* in fee. A codicil revoked this gift to *A* and directed the trustees, upon the death of the testator's widow, to divide one third of his estate into four equal shares, to transfer one of those shares to *A* in fee, and to hold three of them, for fifteen years, in trust for the benefit of *A*'s children, *X*, a son, and *Y* and *Z*, daughters, each of whom were to receive their respective shares in fee at the end of the trust period. *A*'s share was, however, to merge in that of his children in case he did not outlive the testator's widow, and if *Y* or *Z* did not survive the widow and the trust period the decedent's share was to go to her children, or, failing such issue, to the surviving brother and sister or their respective issue. Under like contingencies *X*'s share was to go to his children, if any, in fee, otherwise to his wife for life, with remainder to *Y* and *Z* or their respective issue. A second codicil expressly revoked all of the first relating to the shares of *X*, *Y* and *Z*, and gave the income of such shares to *A* during his life and the remainder to his children, with provisions substantially like those of the first codicil in case of *A*'s death before that of the widow and of *X* before *A*. After *A*'s death the testator made a third codicil in which he once more directed said one third of his estate to be divided into four equal shares, one of which he gave in fee to *X*, *Y* and *Z*, and the other three "to them in trust," pursuant to certain paragraphs of the first codicil which were specified and expressly revived. The paragraphs so revived did not, however, include the one making provision for *X*'s wife in case *X* died before the testator's widow, as in fact he did. In a suit to determine the construction of the will it was *held*: —

1. That *X* had, at his death, an equitable remainder in fee, vested in the sense of its being transmissible, in one ninth of the residuary estate, defeasible in so far as its appropriation might become necessary for the widow's support.
2. That upon the widow's decease said one ninth became at once a part of *X's* estate, of which his administratrix, as such, was entitled to the possession.
3. That the widow of *X* took nothing as a purchaser under the will.
4. That the bequest of the three shares in the third codicil to *X*, *Y* and *Z*, was to them as beneficiaries and not as trustees.
5. That counsel fees and expenses should be paid from that one third part of the estate left to *A* and his family or representatives.

The will named the testator's wife and two sons as trustees, and the first codicil provided, as a substitute for the widow on her decease, "such one of my grandsons (naming two) as the then surviving or acting trustee shall select." One of the two sons who were trustees having died, the testator named in his place one of said grandsons. *Held* that as the power of selection given in the first codicil had become impossible by the act of the testator himself, and the will disclosed no settled purpose that there should always be three trustees, the survivors could not add to their number on the death of the widow.

One word cannot be substituted for another in construing a will, unless it is so obvious that such was the testator's intent that there can be no difference of opinion in regard to it between reasonable men. (*One judge dissenting.*)

Argued Nov. 3d, 1899 — decided Nov. 2d, 1900.

SUIT to determine the construction of the will of George Mallory of Bridgeport, deceased, brought to the Superior Court in Fairfield County and reserved by that court, *Robinson, J.*, upon the facts alleged in the complaint, for the consideration and advice of this court.

All the questions raised concerned the interests of those succeeding to the devises and bequests in favor of George S. Mallory, a son of the testator, who died before him.

The material provisions in the testamentary papers were as follows :—

### In the Will.

"Article Second. I give, bequeath, and devise to my wife, Lucilla Mallory, and my sons, George S. Mallory and Marshall H. Mallory, all my estate, real and personal, to have

and to hold in trust for the following uses and purposes, and subject to the following directions, namely:

"1. I direct them to give my said wife the use, income, interest, and dividends of all my said estate, real and personal from the day of my decease to the day of her death; and if the same shall be insufficient, for her support, comfort, and maintenance, then, I direct and empower my said trustees to convert, from time to time, as in the exercise of their best judgment they shall deem the same to be necessary, a portion of the principal of my estate into cash, and apply it to the support, comfort, and maintenance of my said wife.

"2. Upon the death of my said wife, I give, and I direct the trustees then surviving or acting to transfer by proper deeds or other instruments, one third of all the rest, residue, and remainder of my estate, to my said son, George S. Mallory, to be his, his heirs, and assigns forever."

### In the First Codicil.

"I hereby revoke paragraph '2' of Article Second of said will and, in place thereof, I do provide the following, viz.: Upon the death of my wife, Lucilla Mallory, or upon my death, if she predecease me, I nominate, constitute and appoint as one of the trustees of the trusts created in this 'Article Second' of my will, in place of my said wife, such one of my grandsons, William W. Mallory and Roland H. Mallory, sons of my deceased son, William H. Mallory, as the then surviving or acting trustee shall select; and I direct that the Court of Probate shall require no bond as such trustee of my grandson so selected. I then, upon the death of my said wife, or my death, if my wife predecease me, direct the said trustees (both the original surviving or acting trustees and the trustee appointed as aforesaid in place of my wife) to divide my estate into three equal portions, and to dispose of the same as follows, viz.:

"A. One of said three equal portions I direct said trustees to subdivide into four equal parts, to be disposed of as follows:

"A 1. One of said subdivisions or parts shall be by them

paid and transferred to my son, George S. Mallory, to be his absolutely.

"A 2. Three of said subdivisions or parts shall be held by said trustee in trust for the period of fifteen years from and after the decease of my said wife, or my decease, if my wife predecease me, for the benefit respectively of my three grandchildren, children of my said son, George S. Mallory, viz.: George G. Mallory, Mary L. Mallory and Helena C. Mellersh. The income arising from said respective subdivisions to be paid by said trustees to said beneficiaries during said term of fifteen years; and at the end of said term said subdivisions shall by said trustees be paid and transferred respectively to said grandchildren, to be theirs absolutely.

"A 3. In case my said son, George S. Mallory, shall predecease my said wife, or me, if she predecease me, then upon the death of my said wife, or upon my death, if my wife predecease me, I direct that that part of my estate which would have been paid and transferred to him under the terms of subparagraph A 1, shall form part of the shares of my grandchildren named in subparagraph A 2, and shall in all respects be subject to the trusts, conditions and provisions of that subparagraph.

"A 4. In case either of my said granddaughters, Mary L. Mallory or Helena C. Mellersh, shall predecease my said wife, or me, if my wife predecease me, or shall die before the expiration of the aforesaid term of fifteen years, then I give and devise that part of my estate of which such granddaughter would have received or was receiving the income, to the surviving children of such granddaughter, if she leave any. But, if such granddaughter leave no surviving children, then I give and devise the same to her brother and sister, or the survivor of them, if either of them be dead leaving no children, subject, however, in all respects to the trusts, conditions and provisions of subparagraph 'A 2,' but surviving children shall take, *per stirpes*, the share or shares their parent or parents would have taken if living.

"A 5. In case my grandson, George G. Mallory, shall predecease my said wife, or me, if my wife predecease me, or

shall die before the expiration of the aforesaid term of fifteen years, then I give and devise that part of my estate of which my said grandson would have received or was receiving the income to his children, if he leave any, absolutely; if he leave no children, then I give and devise said part of my estate to his wife, if she be then living, for her use and benefit during her life, and at her death, remainder to my granddaughters, Mary L. Mallory and Helena C. Mellersh, or the survivor of them, if either shall have died leaving no children, but surviving children shall take, *per stirpes,* the share or shares their parent or parents would have taken if living."

### *In the Second Codicil.*

" I hereby revoke and annul subparagraphs A 2, A 3, A 4 and A 5 of paragraph A of said codicil dated February 23d, 1894, and in place of the provisions of said revoked subparagraphs I do will and provide as follows, viz.:

" I. Three of the subdivisions or parts as provided for in paragraph A aforesaid shall be held by the trustees appointed and provided for in said will and codicil in trust for the benefit of my son, George S. Mallory, during his life. Said trustees shall pay the income arising from said subdivisions or parts so held in trust by them to my said son, George S. Mallory.

"Upon the death of my said son, George S. Mallory, said trustees shall pay and transfer said subdivisions or parts so held in trust, in equal shares to my grandchildren, George G. Mallory, Mary L. Mallory and Helena C. Mellersh, children of my said son, George S. Mallory.

" II. In case my said son, George S. Mallory, shall predecease my said wife, Lucilla, or me, if my said wife predecease me, then upon the death of my said wife, or upon my death if my wife predecease me, I direct that that portion of my estate which would have been paid and transferred to him, as well as that which would have been held in trust for his benefit, under the terms of my will and the codicils thereto, were he then living, shall be paid and transferred to my said grand-

children, George G. Mallory, Mary L. Mallory and Helena C. Mellersh in equal shares, to be theirs absolutely.

   \*    \*    \*    \*    \*    \*    \*    \*

"IV. In case my said grandson, George G. Mallory, shall predecease my said son, George S. Mallory, or my wife, if my said son predecease her, or me, if my said son and wife predecease me, then upon the death of my said son, my wife or me, as the case may be, I give and devise that part of my estate which my said grandson would have received, were he then living, to his children, if he leave any, absolutely ; but, if he leave no children, then I give and devise the same to his wife, if she be then living, for her use and benefit during her life, and at her death, I give and devise the same absolutely to my granddaughters, Mary L. Mallory and Helena C. Mellersh, or the survivor of them, if either of them shall have died leaving no children ; but surviving children shall represent their parents, and shall take, *per stirpes*, the share or shares their parent or parents would have taken if living ; but, if my said grandson leave no children, and his wife do not survive him, then upon his death I give and devise the said part to my said granddaughters, Mary L. Mallory and Helena C. Mellersh, or the survivor of them, if either shall have died leaving no children, but surviving children shall take, *per stirpes*, the share their parents would have taken if living."

### In the Third Codicil.

" My said son, George S. Mallory, having deceased, I hereby change my will and codicils as follows : I direct that the one third part of my estate given to my said son George, shall be divided into four equal parts as in my will and codicil provided, and I give, devise and bequeath one of such parts to my grandchildren George G. Mallory, Mary L. Mallory, and Helena C. Mellersh, children of my deceased son, in equal shares to them and their heirs forever. The other three shares of said one third I give, devise and bequeath to them in trust for the term of fifteen years, as provided in paragraphs A 2, A 3, A 4, of the first codicil dated February 23, 1894, and

the said trust provisions are hereby revived in full force and effect and these provisions herein are to take effect only upon the death of my wife as provided in said will and codicils.

" 2. I appoint Roland H. Mallory as executor and trustee in place of my son George S., now deceased, and direct that no bonds be required of him as such executor and trustee."

*James H. Webb*, for Rebecca G. Mallory, individually and as administratrix.

*Arthur M. Marsh*, with whom was *Goodwin Stoddard*, for Mary L. Mallory and Helena C. Mellersh.

BALDWIN, J. The will gave to George S. Mallory an equitable remainder in fee, vested in the sense of transmissible, in one third of the testator's residuary estate; notwithstanding the power in the trustees, who were to hold it during the life of the testator's widow, to turn it into cash and apply the proceeds to her support, if the income of the fund should prove insufficient for that purpose. *Peckham* v. *Lego*, 57 Conn. 553; *Belfield* v. *Booth*, 63 id. 299, 304; *Johnson* v. *Edmond*, 65 id. 492, 499.

For this there was substituted by the first codicil a devise to him of an equitable vested remainder in fee in one fourth of such one third, and a devise in trust of a like remainder in the remaining three fourths for the benefit of his three children and their representatives. Under the second codicil, in case of the death of their father before the testator's widow, these grandchildren were to have an equitable vested remainder in fee, in the whole of this third, subject to certain provisions in favor of their representatives. One of these (Article 1, clause IV) was that if his son George S. Mallory, and also the latter's son, George G. Mallory, should die before the testator's widow, the share that would have been received upon the latter's death by George G. Mallory should in that event, if he left no children, go to his widow for life. George S. Mallory having died before the testator, the third codicil substituted his children for him as to the remainder

in fee in one fourth of the third of the residuary estate which was designed for him and his representatives. The three remaining fourths, from the decease of the testator's widow, were to be held by the trustees of the general residuary estate, for fifteen years, as three separate funds. The income of one of these was to be enjoyed by George G. Mallory, and the principal was to be his absolutely at the expiration of the term.

Clause A 5 of the first codicil having been expressly revoked, and not revived, and clause IV of article 1 of the second codicil being inconsistent with the third codicil, the widow of George G. Mallory took nothing by reason of his death before that of the testator's widow. It is not improbable that the testator intended to regulate the trust created by the third codicil by reviving the provisions, not of paragraphs A 2, A 3 and A 4 of the first codicil, but of paragraphs A 2, A 4 and A 5. Paragraph A 3 had become of no importance, for there was nothing upon which it could operate. Paragraph A 5, on the other hand, expressed a similar policy as to the disposition of George G. Mallory's share, should he die before the end of the fifteen years, to that laid down in paragraph A 4 with respect to his sisters. We cannot, however, make a will for the testator. The language he has used is apt and precise. One word cannot be substituted for another, in construing a will, unless it is so obvious that such was the testator's intent that there can be no difference of opinion in regard to it between reasonable men. *Jackson* v. *Alsop*, 67 Conn. 249. This cannot be said of the will now under consideration.

Paragraph A 5 having been revoked, the trust for fifteen years from the date of the widow's decease, created by paragraph A 2 and revived by the third codicil, was for the sole benefit of George G. Mallory. It was one of three " respective subdivisions," to be held " for the benefit respectively," of the three children of George S. Mallory. He was to receive the entire income accruing from it during the fifteen years, and the fund itself at the end of that period. No provision, by way of cross-remainder or otherwise, having

been made for his death during the term, it is the necessary legal result that the postponement, until its expiration, of the payment and transfer to him of the principal of his share is to be taken as intended solely for his protection. His death removed the occasion from any such protection, and as the disposition of the income was to be the same as that of the fund, the estate of the testator cannot be profited by any delay in paying over the latter. Under these circumstances, the law sends it forthwith into the hands of his administratrix as a part of his estate. *Tarrant* v. *Backus*, 63 Conn. 277.

The description of the devises and bequests made by the third codicil in favor of the children of George S. Mallory, as one " to them in trust," might mean that they were to be the trustees of the fund, or might mean that they were to be the beneficiaries. Reading the will and codicils together, we are satisfied that it is to be taken in the latter sense, and that it was to be held in trust for their benefit respectively by the trustees already in possession of it.

Of the three named in the will, but one, Marshall H. Mallory, now survives. After the death of George S. Mallory the testator himself supplied his place by the appointment of Roland H. Mallory. The question is now presented whether the subsequent death of the widow has left a vacancy which it is necessary to fill under the provisions of the first codicil. By these, such one of the testator's two grandsons, William W. Mallory and Roland H. Mallory, is constituted trustee in place of the widow, as " the then surviving or acting trustee shall select," and no probate bond is to be required " of my grandson so selected." The important power of dividing the whole estate into three equal parts is also given to " the original surviving or acting trustees and the trustee appointed as aforesaid in place of my wife."

Prior to the execution of the third codicil, no provision had been made for the event of the death of either of the trustees other than the widow. Its consequences were left to be settled by the law. No settled purpose that the trustees should always be three in number is anywhere indicated on the face of the testamentary papers, and none is necessarily

implied. Unless, therefore, a contrary result must follow from the directions in the first codicil, the estate which upon the widow's decease vested in the two surviving trustees, will remain in them and the survivor of them.

The first codicil contemplates a choice between two grandsons, both belonging to the same stock of descent. This choice was to be made in view of their character and fitness at the time of the widow's decease. No such choice was then possible. It had been made impossible by the act of the testator himself. But one of them was left who could be appointed a trustee, and as any power of selection had been thus withdrawn, the whole scheme failed, and the surviving trustees cannot add to their number.

It was suggested at the bar that the entire provision as to a fifteen-year trust with respect to any part of the property left in remainder to George G. Mallory, was void, as being an attempt to impose restrictions on his power over an absolute estate otherwise granted. It is unnecessary to pass upon this point, since his death before the commencement of the contemplated term has made its determination immaterial.

As to that third of the fourth of one third of the testator's estate, the remainder in which the third codicil gave to him and his heirs forever, without the interposition of any trust, it became, of course, upon his grandmother's decease, the absolute property of his estate.

The Superior Court is advised that: —

1. George G. Mallory had at the time of his death an equitable remainder in fee, vested in the sense of its being transmissible, in one third of one third of the testator's residuary estate (defeasible in part by an appropriation by the trustees of a portion thereof, should they deem it necessary, for the support, comfort and maintenance of the testator's widow).

2. Upon the decease of the widow, said one third of said third of said estate became immediately a part of the estate of George G. Mallory, of which his administratrix, as such, was entitled to the possession.

3. The widow of George G. Mallory took nothing as a purchaser under the will of George Mallory. Her rights in

the estate left to her husband are such only as may exist by law in any estate owned by him at the time of his decease.

4. Mary L. Mallory and Helena C. Mellersh are not trustees under paragraph 1 of the third codicil. The plaintiffs are trustees for them, and have no power to select, or appoint another trustee in place of the testator's widow.

5. Whatever allowances may be made to the several parties for their expenses. and counsel fees should be paid out of that one third part of the testator's estate left to George S. Mallory, or his family or representatives.

The statutory fees and costs taxable in this court to the prevailing party will be taxed for payment out of said third part of said estate in favor of the widow of George G. Mallory, and also in favor of his sisters, and also in favor of said estate.

In this opinion the other judges concurred, except Ham-ERSLEY, J., who dissented.