THE STATE OF CONNECTICUT *vs.* NELLIE M. MAIN ET AL.

Second Judicial District, Norwich, April Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The intent of the testator, gathered from the will and surrounding circumstances, is the rule of rules to be applied in construing a bequest to be paid in the future, as it is in respect to all other testamentary provisions.

The fifth clause of a will read as follows: "I give to my grandson, $E$, the sum of $1,000 to be paid to him on his arriving at the age of twenty-one years. In case of his death before that time I then give said sum to my children living at that time to be divided equally among them." $E$ was thirteen years old when the testator died. *Held:*—

1. That the testator intended an immediate, present gift to $E$, and that the postponement of its payment until he became twenty-one created neither a contingency nor a condition, nor did it operate to delay the vesting of the gift in point of right.

2. That the gift over in case $E$ failed to attain majority was an alternative disposition which embodied a condition subsequent only, and did not affect the vesting of $E$'s bequest nor his right to possession upon his survival.

3. That the $1,000 was properly placed in trust during $E$'s minority, and that on reaching twenty-one he became entitled to receive from the trustee the accumulated interest as well as the principal.

Where the single clause of the will in question, and the age of the beneficiary named therein, are the only facts of record, this court is entitled to assume, as against those on whose behalf the action is brought and who are controlling its prosecution, that there is nothing in the omitted provisions of the will, or in any unpleaded and unproven facts and circumstances, which would give support

to a construction more favorable to them than that which results from what is presented.

Argued April 30th—decided June 13th, 1913.

ACTION upon a probate bond to recover damages for an alleged wrongful payment by a trustee to a legatee of accrued interest on the amount of his legacy, brought to and tried by the Court of Common Pleas in New London County, *Waller, J.;* facts found and judgment rendered for the plaintiff for $257.76, and appeal by the defendants. *Error and judgment for defendants directed.*

The will of Seth. Main, who died in August, 1903, duly probated, contained the following paragraph: "Fifth. I give to my grandson, Ernest Nathaniel Main, the sum of one thousand dollars, to be paid to him on his arriving at the age of twenty-one years. In case of his death before that time, I then give said sum to my children living at that time, to be divided equally among them share and share alike."

In February, 1905, the defendant Nellie M. Main was, by the Court of Probate, appointed trustee of the $1,000 to be paid to Ernest in accordance with the provisions of this clause of the will, and thereupon she, as principal, and her codefendant Holdridge, as surety, executed and lodged with the court the bond in suit, the condition of which is as follows: "The condition of this obligation is such that Whereas, the Court of Probate for the district of Norwich, within said State of Connecticut, has appointed the above named principal obligor to, and said principal obligor has accepted of, the office of trustee of the trust fund of one thousand dollars, created by the fifth clause of the will of Seth Main, late of Preston, Conn., deceased, in accordance with the provisions of said will, for the benefit of Ernest Nathaniel Main of said Preston, Now, therefore, if the said principal obligor shall faithfully discharge the duties of

her trust according to law, then this obligation shall be void, otherwise in full force."

Thereupon the executor of the will paid to the defendant Nellie M. Main the sum of $1,000 under the fifth clause of the will. She, as such trustee, thereupon put it at interest, and received as interest thereon up to October 29th, 1910, when Ernest became twenty-one, the sum of $257.76. Upon Ernest's arrival at majority, she paid over to him not only the sum of $1,000, but also the $257.76 received by her as interest, as stated, and she has refused to account for the latter sum to the executor of the will. The action was brought for the special benefit of the estate of Seth Main and the executor of his will; the claim being made that there was a breach of the bond in suit by reason of said interest payment, and that the estate and executor were injured by the defendant trustee's failure to make such payment to the executor.

*Charles F. Thayer* and *Charles V. James*, for the appellants (defendants).

*Donald G. Perkins*, with whom was *Edmund W. Perkins*, for the appellee (plaintiff).

PRENTICE, C. J. The recital of facts contained in the finding is substantially identical with the allegations of the complaint, and substantially the same questions are presented by a demurrer to the latter overruled, and by the claims of law made by the defendant upon the trial. Several questions are thus presented; but we have occasion to consider only one of them, and that the fundamental one as to whether or not the interest payment made to Ernest was wrongful as giving him something which was not his due under the provisions of his grandfather's will. It is manifest and un-

questioned that, if these provisions entitled him to receive that interest, there was not only no breach of the bond, but also no wrong done to the testator's estate or its beneficiaries. We are thus brought to a construction of that paragraph of the will which embodies the gift in favor of Ernest.

It contains a gift of a sum of money to be paid at a future time. There are to be found in the books dicta which, taken by themselves, appear to lay down an arbitrary rule determinative of the rights of the legatee of general application to such cases. For example, Swift in his System (Vol. 1), p. 435, cited by the defendants, indicates that the legatee would be entitled to the principal sum named, together with interest. In his Digest, however, when treating of this general subject, he omits this proposition. Vol. I, s. p. 454. On the other hand, in *Page's Appeal*, 71 Pa. St. 402, 404, cited by the plaintiff, it is said that the rule, under the conditions stated, where the testator did not stand *in loco parentis* to the legatee, is that the interest does not run upon the legacy until it falls due. The reason assigned is that "when a testator bequeaths a sum of money and fixes the time of payment, he determines by that act the precise sum to be paid at the time fixed by him." Were this premise true, the proposition stated would be its logical consequence. But it is by no means true. It certainly is not where the testator has indicated a contrary intention. The opinion itself recognizes this, or at least a limited application of the principle stated, when it proceeds to distinguish the situation before the court from one where the executors were made depositaries of a fund specially set apart for the legatee and placed in their hands for investment for her.

In the later case of *Yost's Estate*, 134 Pa. St. 426, 19 Atl. 692, a testamentary provision substantially identical with that in the *Page* case came under review.

The will contained legacies to several persons "to be paid to them, respectively, on arriving at the age of twenty-one years," together with provision for alternative disposition in case of death without issue before reaching twenty-one. The estate was ready for settlement and distribution. Two of the beneficiaries were still minors. The question arose as to whether their rights were limited to the receipt of the principal sum named in their behalf, or extended as well to the income thereon subsequent to the settlement of the estate. The court, in an opinion which made no reference to the *Page* case, decided in favor of the latter contention. It asserts the proposition that the question at issue was one to be determined by the testator's intent, gathered from the will and surrounding circumstances, and arrives at its conclusion upon the basis of the intent thus ascertained.

The rule thus appealed to and applied is so elemental that it requires no argument to demonstrate that the intent of the testator, gathered from the will and surrounding circumstances, is the rule of rules to be applied in determining, in any given case, the operative effect of a will in respect to a gift to take effect in possession *in futuro*, as it is in respect to all other testamentary provisions, and that any dictum which overlooks it is to that extent inaccurate. The expressed intent may be that the legatee shall, at the future time named, receive the principal sum designated, and that sum only. It equally well may be the testator's intent that the principal sum shall be set aside in the distribution of his estate to be held with its accretions for the benefit of the legatee, but with the right of possession withheld from him until some future time. The intent may conceivably assume some other form, but whatever it be, if it be sufficiently expressed and within the law, it will be effectuated.

The construction of the will in question, as bearing upon the gift in favor of Ernest, thus becomes resolved into an inquiry as to the testator's expressed intent. The complaint contains the fifth paragraph of the will, which, and which alone, as far as appears, deals with this subject. Neither the complaint nor the record reveals the balance of the will, and the record is silent as to any facts and circumstances which might be significant of the testator's intent in the matter of his benefaction in favor of Ernest, except the latter's age. We are thus left to discover that intent from the paragraph before us, with such aid as may be supplied by the single fact of Ernest's age. Under the circumstances, we are entitled to assume, as against the parties on whose behalf the action was brought and who are controlling its prosecution, that there is nothing in the omitted provisions of the will, or in any unpleaded and unproven facts and circumstances, which would give support to a construction more favorable to them than that which results from what is presented for our consideration.

The fifth paragraph of the will begins with a bequest of $1,000 to Ernest, couched in the language of an absolute present gift to take effect in point of right unqualifiedly, and in respect to both enjoyment and possession immediately, upon the death of the testator. The qualifying language immediately following, to wit, "to be paid to him on his arriving at the age of twenty-one years," is that which would naturally occur to one who was desiring to provide for a postponement of the time when the right of possession should attach. It neither creates a contingency or condition, nor operates to delay the vesting in point of right. *Dale* v. *White,* 33 Conn. 294, 297; *Newberry* v. *Hinman,* 49 Conn. 130, 132; *Eldridge* v. *Eldridge,* 63 Mass. (9 Cush.) 516, 519; *Silvers* v. *Canary,* 114 Ind. 129, 134, 16 N. E.

166. It in no way suggests that the benefits of the fund resulting from its investment should not ultimately enure to the beneficiary; the fund simply being held for his benefit until he should become entitled to possession. It would be quite in consonance with the language that it should.    The testator's purpose might, indeed, be otherwise, but such purpose is not indicated.

In this connection the minority of Ernest becomes peculiarly significant.    He was not legally capable of holding and managing property personally, and would not be until he was twenty-one.    A guardianship would be the anticipated consequence of a gift to him with the right of possession.    What more natural course for the testator to pursue than to provide for a holding for his benefit until his incapacity should come to an end. This would appear to have been the thought which was in the testator's mind, and doubtless it was a desire on his part to make suitable provision for the period of Ernest's minority, and not one to ultimately withhold from him the full benefits of the fund designated for him, which dictated the provision postponing the right of possession.

Did the paragraph stop here, we should have little hesitation in arriving at the testator's intent with respect to his benefaction in favor of Ernest.    Fortunately, however, additional light is thrown upon the matter by subsequent provisions and incidental considerations which remain to be noticed.

The paragraph concludes with a provision by force of which Ernest might, by not surviving to attain his majority, fail to enter into possession of the legacy. This provision neither militates against the vested character of the bequest in his favor nor tends to diminish that of which he, surviving, would become possessed.    It embodies a condition subsequent and not precedent. *Lewis* v. *Lewis,* 74 Conn. 630, 634, 51 Atl. 854.

This closing sentence of the paragraph goes further, and in it an alternative bequest is made and defined. This provision is peculiarly suggestive of the testator's purpose with respect to income, and leaves little doubt upon that subject. It is provided that upon Ernest's de- ·cease before his majority "said sum" should be divided equally among the testator's then surviving children. The event which would give to these children the right to have this sum might happen at any moment after the testator's death, or after distribution. Adequate pro- vision for such a contingency could not be made in a dis- tribution, except by keeping the estate in some way open until the time should arrive when the fund should be- come payable to a donee with the right of possession, or by the setting aside of $1,000 to be held in readiness to meet that demand. Ernest lacked seven years of his majority when the testator died. How much younger he was when the will was made does not appear. It is scarcely conceivable that the testator contemplated that the final settlement of his estate should be deferred a possible seven years, either for payment of the $1,000 legacy, or for the administration of the small sum of in- terest which might accrue upon that sum set apart for the satisfaction of the legacy.

All the indications thus point in one direction, and that toward an intent on the part of the testator that his estate should be settled and distributed in the ordinary course; that in such settlement and· distribu- tion the sum of $1,000 should be set apart to constitute a fund to be held, with its accumulation of income, to await the time when Ernest should attain his majority or die before reaching that age, and that upon his be- coming twenty-one both the principal sum and its accu- mulations should be delivered over to him in absolute ownership. As no prior estate or interest in the fund was created, the program contemplated necessarily in-

volved the intervention of a trust with the executor, or other person, as trustee, and with the customary incidents of a trust in the matter of income. The course pursued in the present case was a strictly correct one, and it has resulted in giving to Ernest nothing beyond what he was entitled to receive.

There is error, the judgment is set aside and the cause remanded for rendition of judgment in favor of the defendants.

In this opinion the other judges concurred.