BRIDGEPORT-CITY TRUST COMPANY, TRUSTEE (ESTATE OF MORRIS A. BEERS) *v.* CLARENCE O. LISTER, ADMINISTRATOR (ESTATE OF ALICE N. BEERS) ET AL.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

148

Argued May 5—decided July 14, 1953

*Gregory C. Willis,* for the named defendant.

*Alvin C. Breul, Jr.,* for the defendant Harold E. Archambault, executor.

BROWN, C. J. The plaintiff, as executor and trustee under the will of Morris A. Beers, late of Fairfield, brought this action in the Superior Court asking for the construction of the third paragraph of the will of the testator. The defendants are the administrator of the estate of the testator's widow and the executor under the will of his niece, a beneficiary under the third paragraph of his will. The case has been reserved to this court and presents for determination the three questions recited in the footnote.[1]

[1] "(1) Is the defendant, Harold E. Archambault, as Executor of the Estate of· Elizabeth B. Archambault, entitled to the payment of the principal amount of the trust fund now held by the plaintiff in accordance with the provisions of Paragraph Third, subdivision A of the will of Morris A. Beers with the interest accrued since the date of death of Alice Nelson Beers?

"(2) Is the defendant, Harold E. Archambault, as Executor of the Estate of Elizabeth B. Archambault, entitled to the payment of the principal amount remaining of the trust fund held by the plaintiff

The material stipulated facts may be thus summarized:  The testator died May 2, 1939, leaving his widow, Alice Nelson Beers, as his sole heir at law. His last will, dated April 26, 1935, was admitted to probate by the Probate Court for the district of Fairfield on May 23, 1939.  The plaintiff was appointed and qualified as trustee on that day.

Paragraph third of the will reads as follows: "Third:  All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature or wheresoever situated, I direct to be divided into three (3) equal parts by my said Executor.  A. One of said parts, I give, devise and bequeath to The Bridgeport-City Trust Company, a Connecticut corporation located in Bridgeport, in the County and State aforesaid, in trust, nevertheless, for the following uses and purposes:  to take, hold, invest and reinvest the same, and to pay over the net income therefrom, at such times and in such amounts as it shall deem proper, to my wife, Alice Nelson Beers, during her lifetime, or until her remarriage.  At the death or remarriage of my said wife, the principal of said trust fund shall be added to the trust fund established in Subdivision B of this Paragraph for the benefit of my said niece, Elizabeth B. Holt, and be dealt with as hereinafter provided.  B. The two remaining parts, I give, devise and bequeath to the

in accordance with the provisions of Paragraph Third, Subdivision B of the will of Morris A. Beers with interest accrued thereon since the date of death of Elizabeth B. Archambault?

"(3) Is the defendant Clarence O. Lister, Administrator of the Estate of . . . Alice Nelson Beers, entitled to payment of the principal amount remaining in the trust fund held by the plaintiff, in accordance with the provisions of Paragraph Third, Subdivision (A) of the will of Morris A. Beers or by the laws of the intestate succession of the State of Connecticut, with interest accrued thereon since the date of the death of said Alice [Nelson] Beers?"

said The Bridgeport City Trust Company, in trust, nevertheless, for the following uses and purposes: to take, hold, invest and reinvest the same, and to pay over the net income therefrom, at such times and in such amounts as it shall deem best, to my said niece, Elizabeth B. Holt, until she shall reach the age of twenty-five (25) years, when one-half (½) the principal of said trust fund shall be paid over to her, to be hers absolutely. My said Trustee shall continue to hold the balance of said principal as before and to pay over the net income therefrom to my said niece as formerly until she shall become thirty (30) years of age, when the balance of said principal shall be paid over to her, to be hers absolutely. If at any time during the entire period of said trust, the said net income for the time being shall not, in the opinion of my said Trustee, be sufficient to afford my said niece a comfortable and suitable support and maintenance, then I authorize and empower my said Trustee to take from the principal such sums as shall, in its judgment, be sufficient in the premises."

The only other provisions in the will were for the payment of the debts and funeral expenses; the bequest, "All my furniture, pictures, books, wearing apparel and personal effects, I give and bequeath to my niece, Elizabeth B. Holt, to be hers absolutely"; and the paragraph appointing and empowering the plaintiff to act as executor and trustee under the third paragraph of the will.

The testator's widow, Alice Nelson Beers, died intestate on January 20, 1952, without remarrying. The defendant Lister is the duly appointed and qualified administrator of her estate. Elizabeth B. Holt is the named beneficiary of the trust referred to in subdivision B of the third paragraph of the will and became Elizabeth B. Archambault by marriage.

She died testate on August 26, 1947, prior to attaining the age of thirty years and before the trust estate under subdivision B had been exhausted. Her husband, Harold E. Archambault, is the duly appointed and qualified executor under her will, and as such is the other defendant in this action. When the plaintiff became trustee in 1939, the value of the trust estate under subdivision A was $8762.14; it is now $11,038.06; the value of the estate under subdivision B was then $17,524.28 and is now $1272.26. Subject to the determination of the questions propounded in this action, the two present trust estates are ready for distribution.

The defendant Archambault claims that under the third paragraph of the will the estate of Elizabeth B. Archambault is entitled to the principal, with the interest accrued since the death of Alice Nelson Beers, of the trust fund under subdivision A, and the principal, with the interest accrued since the death of Elizabeth, of the trust fund under subdivision B. The defendant Lister claims the principal remaining in the trust fund held by the plaintiff, in accordance with the provisions of subdivision B of the will or by the laws of intestate succession, with interest accrued since the death of Alice Nelson Beers. These conflicting claims present the decisive question whether an indefeasible estate in fee simple in the residuary trust vested in Elizabeth B. Holt upon the death of the testator, subject only to the use of Alice Nelson Beers under subdivision A and to the limitation as to the payments to Elizabeth under subdivision B if she survived to the age or ages prescribed. It is the failure of the testator specifically to provide in the will for the contingency of his niece's death before she attained the age of thirty years and before the death of his widow which has

given rise to this question of construction. Since the second paragraph of subdivision A expressly directs that at the death or remarriage of the testator's widow the principal of the trust created for her benefit "shall be added to the trust fund established in Subdivision B ... for the benefit of my said niece ... and be dealt with as hereinafter provided," it is clear that the ultimate disposition of the entire trust fund depends upon the effect to be accorded subdivision B.

In 1866 this court held that where a will provided for the deferred payment of a bequest, as here, it "is a well settled rule of construction" that the legacy "takes effect in point of right on the death of the testator." *Dale* v. *White,* 33 Conn. 294, 296. The court then continued: "In such case the contingency attaches, not to the substance of the gift, but to the time of payment. And where words are equivocal, leaving it in doubt whether the words of contingency or condition apply to the gift itself or the time of payment, courts are inclined to construe them as applying to the time of payment, and to hold the gift as vested rather than contingent. *Eldridge* v. *Eldridge,* 9 Cush., 516." Further, after pointing out that this rule would seem decisive of the case, since the legacy was not made dependent upon any contingency or condition, the court stated: "But if we look at the language of the will, independent of any rule of construction, we shall come to the same result. It expressly provides that the legatees are to have the interest or dividends on the stock before the legacy is to take effect in possession; thus clearly evincing an intention that the legacy should vest in point of right immediately on the testator's death." More recently, while recognizing the soundness of the reasoning in the language quoted above, we have held

that the rule enunciated in that case actually constitutes one of presumption only, so that a contrary intent manifest from a consideration of the will as a whole must prevail to defeat the presumption of vesting at the death of the testator. *Budington* v. *Houck,* 134 Conn. 72, 80, 54 A. 2d 671.

In the case at bar, however, upon careful consideration of the provisions of this will, we are satisfied that the presumption under the rule not only is not defeated by the testator's intention as so disclosed but is fortified and confirmed by it. Several of the provisions of the will manifest his intent that the pertinent clauses of subdivision B relate not to any contingent vesting of the bequest but only to the time when payment shall be made. Primarily, this finds confirmation in the testator's simple but manifest over-all scheme and intention for the disposal of his property. His will named two legatees only. One was his wife and the other his niece. To the former he gave less than the life use of one-third of his net estate, the minimum requisite under § 5156 of the General Statutes, Rev. 1930, which he presumably contemplated at the time the will was executed. Not only was the res of which his wife was given the use under subdivision A less than one-third of the net estate but the use was expressly made subject to termination upon her remarriage. To the niece, on the other hand, he gave, by the initial bequest in the will, all of his personal effects, including furniture, pictures, books and even his wearing apparel, to be hers absolutely. Then, by subdivision B, she was given not only the use of a res twice as large as that set up for his wife under subdivision A but also a right to the use of the principal of this res as needed, together with possession of one-half of the principal absolutely at the age of twenty-five and the balance

at the age of thirty. Further, upon the termination of the trust under subdivision A, any balance became subject to subdivision B.

In short, it is evident that the testator's desire and intention was that all his property outside the very minor amount given to his wife, which can hardly be regarded as more than a token in recognition of his statutory obligation to her, should go to his niece. The limitation under subdivision B as to the time when the principal payments should be made to her in no sense negatives this desire and intent of the testator. It is rather merely a common sense provision better to insure her greater benefit from the money received. The clause does not condition the niece's taking at age twenty-five and age thirty by any such provision as "if she be then living." There is no limitation over to any other person in the event of her death. The use of the phrase "to be hers absolutely" in connection with the direction to pay the principal to her is not to be interpreted as a description of an estate in fee which she is then to take for the first time. It means nothing more than that when the fund is paid over to her she is to receive it free from the trust. It is only logical, therefore, to conclude that the testator, who displayed such an overwhelming preference for his niece and who obviously wished to dispose of all of his estate, desired and intended that she should succeed to the full rights of ownership in the property given her by the terms of the trust under subdivision B and, accordingly, that her title thereto should vest at the earliest possible moment, which was upon his death.

This conclusion is confirmed by the specific language of the testator contained in subdivision B. In providing for the receipt by his niece of the two 50 per cent instalments of principal, he twice em-

ploys the words "shall be paid over to her." "In a testamentary provision, 'pay' does not ordinarily refer to the vesting of a right but signifies rather the succession to the enjoyment of the property." *Willis* v. *Hendry,* 130 Conn. 427, 434, 35 A.2d 207. This holds true in the present instance, where the language used gives rise to no question of the eventual right to the corpus but merely of the time when, in the testator's opinion, it would be best for his niece to receive the principal. The words used denote a postponement of possession and not a gift in futuro. The testator's language is that which would naturally be used by one who wished to postpone the time when the right of possession should attach. It neither created a contingency or condition nor operated to delay the vesting in point of right. *State* v. *Main,* 87 Conn. 175, 180, 87 A. 38; see *Gaffney* v. *Shepard,* 108 Conn. 339, 346, 143 A. 236; *First National Bank* v. *Somers,* 106 Conn. 267, 273, 137 A. 737; *New Britain Trust Co.* v. *Stanley,* 128 Conn. 386, 394, 23 A.2d 142. The application of the principle to a bequest analogous to the one in question is found in *Newberry* v. *Hinman,* 49 Conn. 130, and *Mallory* v. *Mallory,* 72 Conn. 494, 45 A. 164.

It is our conclusion that under the will an indefeasible estate vested in Elizabeth B. Holt upon the death of the testator, subject only to the use prescribed for Alice Nelson Beers and the limitation as to the time of payment of principal to Elizabeth B. Holt. The death of Alice Nelson Beers ended her use and the death of Elizabeth B. Holt Archambault terminated the limitation upon the payment of principal to her. Therefore, the balance of the principal and interest of the two trust funds under the third paragraph of the will is now to be paid to the defendant Harold E. Archambault as executor under the

will of his deceased wife, Elizabeth B. Holt Archambault. This result is consistent with the principle that wills are to be construed to avoid intestacy when that is possible. *Hartford National Bank & Trust Co.* v. *Yearly Meeting,* 137 Conn. 648, 654, 81 A.2d 104.

Our answer to the first and second questions reserved is "Yes," and to the third, "No."

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.