BANKERS TRUST COMPANY, EXECUTOR AND TRUSTEE (ESTATE OF WARREN L. GREEN) *v.* KATHARINE S. VARIELL, ADMINISTRATRIX C.T.A. (ESTATE OF FRITS V. HOLM), ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 3—decided June 25, 1956

*Walter G. Farr, Jr.,* with whom was *Morris Tyler,* for the appellants (defendants Calder et al.).

*Frank L. Wilder,* for the appellee (named defendant).

*Morgan P. Ames* appeared for the plaintiff.

BALDWIN, J. The plaintiff as executor and trustee under the will of Warren L. Green brought this action to determine the validity and effect of the exercise of a power of appointment given by the testator to his daughter. The court rendered judgment finding the exercise of the power valid as to the named defendant's decedent, and the other defendants have appealed.

The testator, Green, died on August 12, 1919. He left a will, dated December 6, 1918, which was duly

admitted to probate in the Probate Court for the district of Greenwich. He was survived by his widow, Jeanne, and his daughter, Marguerite. The daughter married Frits V. Holm in October, 1919. She died on November 16, 1928, without issue, leaving her husband, Holm, surviving. Holm died on March 9, 1930. Green's widow died on October 1, 1954. The named defendant is the administratrix c.t.a. of Holm's estate. The other defendants are the persons who constituted the board of directors of the American Bank Note Company at the time Green's widow died.

In the sixth article of his will, Green created a trust, the net income of which was payable to his widow, if living, otherwise to his daughter. If his widow remarried, and she did, one-half of the income was payable to his daughter thereafter. The seventh article provided that if neither widow nor daughter survived the testator, or upon the death of the one who did survive, the corpus of the trust was to be given to the daughter's issue then living equally, per stirpes and not per capita. In the eighth article, the testator provided that if both his wife and his daughter predeceased him, or if upon the death of the survivor of them there should be no living issue of his daughter, certain specified legacies should be paid to certain named beneficiaries. The remainder of this eighth article, which directly concerns the question involved in this appeal, reads as follows: "If my said daughter shall survive me and shall have married but shall leave no issue her surviving, then I give, devise and bequeath the remainder of the trust fund in Article Sixth hereof, provided, after payment of the foregoing legacies provided in this Article to such persons and corporations, and in such shares and proportions as she shall

by her Last Will and Testament appoint; but if she shall make no such appointment or shall never have married, or if neither my said wife nor my said daughter nor any issue of my said daughter shall survive me, then I do give, devise and bequeath all my said residuary estate, or all the principal of said trust fund, as the case may be, after payment of the legacies hereinbefore in this Article provided, unto those persons who shall, at my death or at the expiration of said trust, as the case may be, constitute the Board of Directors of the American Bank Note Company, a corporation of the State of New York, of which I am now President, in the service of which I have been engaged from my early youth. It is my hope that said persons will unite in applying said bequest in such manner as they shall deem most desirable for the welfare, benefit and relief of the employees of said Company, either by constituting a fund, the income of which shall be applied to such purposes, or by constructing a building for the use and benefit of said employees, in which work for the advancement of their welfare may be carried out, or in such other manner as my said legatees may deem suitable. But this expression of my hope is not intended and shall not be construed as limiting the absolute character of said bequest, or as creating any trust in respect of the same, it being my intention that the gift hereby shall be absolute and unconditional."

Upon her death in 1928, the daughter left a will executed on November 20, 1919, in which she purported to exercise the power of appointment given to her in article eighth of her father's will, as follows: "Under the power of appointment given me in the Eighth Subdivision of the Last Will and Testament of my father, the late Warren Luqueer Green, now

deceased, I designate and appoint my husband, Frits Vilhelm Holm, as the beneficiary of the entire remainder of the Trust Fund set forth in the Sixth Subdivision of said Last Will and Testament of Warren Luqueer Green, deceased, subject to the payment of the legacies therein referred to, as [sic] such of those legacies as may not have lapsed." The defendant administratrix claims that, by virtue of the exercise of the power of appointment, Holm's estate is entitled to the residue of the trust. The other defendants claim that the death of Holm in 1930, subsequent to the death of his wife, the daughter of the testator, in 1928, but before the death of the testator's widow in 1954, defeated the exercise of the power of appointment. They claim to be entitled to the residue of the trust unconditionally. To resolve these claims, we seek to find and effectuate the intent expressed by the testator. *Bankers Trust Co.* v. *Pearson,* 140 Conn. 332, 345, 99 A.2d 224; *Chase National Bank* v. *Guthrie,* 139 Conn. 178, 182, 90 A.2d 643. To that end, we look first to the will itself. *Hoenig* v. *Lubetkin,* 137 Conn. 516, 519, 79 A.2d 278. While the will states what is to be done on the happening of certain contingencies, it contains no specific direction to provide for the contingency which occurred, namely, the death of the daughter's appointee, her husband Holm, after her death in 1928 but before the termination of the life use by the testator's widow.

An appointee under a power of appointment derives his title from the donor of the power. Title never vests in the donee. *Union & New Haven Trust Co.* v. *Sullivan,* 142 Conn. 685, 692, 116 A.2d 908; *Linahan* v. *Linahan,* 131 Conn. 307, 324, 39 A.2d 895; *State ex rel. Beardsley* v. *London & Lancashire Indemnity Co.,* 124 Conn. 416, 423, 200 A. 567; *Mc-*

*Murtry* v. *State,* 111 Conn. 594, 601, 151 A. 252;
Thompson, Wills (3d Ed.) p. 601; 41 Am. Jur. 806,
§ 2. The testator as donor speaks, as it were, through
the will of the donee, when the donee exercises the
power of appointment. *Bartlett* v. *Sears,* 81 Conn.
34, 42, 70 A. 33; *Linahan* v. *Linahan,* supra; Thompson, Wills (3d Ed.) p. 596, § 400; see Simes & Smith,
Future Interests (2d Ed.) § 871, p. 346; Restatement,
3 Property § 318. "The appointment under the
power is to be read into the will by which the power
was created" and the validity of the gift determined
from that viewpoint. *Bishop* v. *Bishop,* 257 N.Y. 40,
51, 177 N.E. 302; 2 Sugden, Powers (3d Am. Ed.)
p. 22. There is a rule of construction that a legacy
to a person or a class, to be paid at a time in the
future, takes effect in point of right on the death of
the testator. *Bridgeport-City Trust Co.* v. *Lister,*
140 Conn. 147, 152, 98 A.2d 811; *Budington* v. *Houck,*
134 Conn. 72, 75, 54 A.2d 671; *Bridgeport City Trust
Co.* v. *Shaw,* 115 Conn. 269, 276, 161 A. 341; *Dale* v.
*White,* 33 Conn. 294, 296. When a power of appointment is conferred by will and exercised in the will
of the donee of the power, the appointment takes
effect at the death of the donee. This must be so on
the basic principle that all wills speak from the death
of the testator, and, while the title may come from the
donor of the power, it nevertheless requires the exercise of the power by the donee in his will to establish
an interest in the appointee. The interest of the appointee, like the interest of any beneficiary under a
will, vests at the death of the donee unless an intent to the contrary is manifested. *Bridgeport-City Trust Co.* v. *Lister,* 140 Conn. 147, 153,
98 A.2d 811; *Trowbridge* v. *Townsend,* 112 Conn.
104, 111, 151 A. 345; 2 Sugden, Powers (3d Am. Ed.)
p. 22. Upon these principles, Holm's interest in the

residue of the trust vested upon the death of the testator's daughter in 1928, subject, however, to the life use of the testator's widow, unless an intent that it be otherwise can be found.

The power of appointment contained in the testator's will is conferred in broad and general terms. If the daughter survives the testator and marries, but leaves no issue, the remainder of the corpus of the trust provided for in the sixth article, after the payment of certain legacies, is willed "to such persons and corporations, and in such shares and proportions as she shall by her Last Will and Testament appoint." The testator's apparent purpose was to provide for his wife and his daughter and to leave the corpus of the trust fund to the issue of his daughter if there were any, and if none, the trust residue was to go to such persons as she might direct. The one contingency which was not specifically provided for was the one which happened, that is, the death of Holm, the daughter's appointee, before the termination of the trust in favor of the testator's widow.

But does the will, read in its entirety, manifest an intent that the happening of this contingency should defeat the power of appointment? Manifestly not. The remainder of article eighth of the will provides for the contingencies upon the happening of which the defendant directors would be entitled to the residue of the trust fund or of the estate: the failure of the daughter to exercise the power of appointment or to marry, or the failure of any of the wife, the daughter and the daughter's issue to survive the testator. Upon the happening of any of these contingencies, the residue was to go to the board of directors of the American Bank Note Company. This portion of the eighth article of the will establishes the only contingencies upon the hap-

pening of which the defendant directors would be entitled to receive the residue. None of these contingencies occurred. The view which we take makes it unnecessary to consider whether the defendant directors acquired rights in the corpus of the trust absolutely or conditionally.

The court did not err in concluding that the power of appointment conferred in the will of the testator upon his daughter, Marguerite M. Holm, was validly exercised in favor of her husband, Frits V. Holm, and that the residue of the trust should be distributed to his estate. *Lindsley* v. *First Christian Society*, 37 N.J. Eq. 277, 281.

There is no error.

In this opinion the other judges concurred.