WILLIAM FURNESS, Executor, *vs.* CHARLES FOX.

A legacy to one, "if he shall arrive to the age of twenty-one years, then to be paid over to him by my executor," is not a contingent but a vested legacy.

WILLIAM FURNESS, of Medford, by his will dated March 2d, 1836, of which the plaintiff was the executor, provided as follows :

"In the first place I give and bequeath to my grandson, John William Furness son of my son John C. Furness deceased five hundred dollars, if he shall arrive to the age of twenty-one years, then to be paid over to him by my executor hereinafter named."

" All the rest residue and remainder of my estate both real and personal of every sort and description and wherever situated or being I give devise and bequeath to my children " (naming five persons) " their heirs and assigns forever to be equally divided between them."

On the 23d of May, 1842, the plaintiff, as the executor of William Furness, paid the legacy of five hundred dollars, to Charles Fox, the defendant, guardian of the legatee, John William Furness, who was then under age. At the same time, the defendant gave the plaintiff his receipt for the money in the following words :

" Received of William Furness, executor of the last will and testament of William Furness, of Medford, deceased, five hundred dollars, said sum having been bequeathed by said William Furness deceased to his grandson John William Furness, to be paid to him, should he arrive at the age of twenty-one years. Charles Fox, guardian of said John William Furness."

Subsequent to this payment, the legatee, John William Furness, died, before arriving at the age of twenty-one years ; and the plaintiff thereupon brought this action, in his capacity of executor, against the defendant, as the guardian of the legatee, to recover back the money so paid.

The cause was tried in the court of common pleas, before *Washburn*, J., who ruled, that the legacy to John William Furness was contingent upon his arrival at the age of twenty-one years, and consequently lapsed by reason of his death, before arriving at that age.

The jury returned a verdict for the plaintiff, and the defendant filed exceptions.

*J. Field*, for the defendant, cited Swinburne on Wills, Part IV., § 17, (6); *Lord Pawlet's case*, 2 Vent. 366. *Chandos* v. *Talbot*, 2 P. W. 601, 610; *Anonymous*, 2 Vent. 346 ; *Hervey* v. *Aston*, Willes, 83, 90 ; *Stapleton* v. *Cheele*, 2 Vern. 673.

*S. E. Sewall*, for the plaintiff, referred to *Lawrence v. Carter*, 16 Pick. 12, to show that the action could be main

tained ; and, for the construction of the bequest, to *Lister* v. *Bradley*, 1 Hare, 10 ; *Stapleton* v. *Cheales*, Pre. Ch. 317.

METCALF, J.   The sole question raised by these exceptions is, whether the legacy to the defendant's ward was vested or contingent.   The testator's words were these : "I give and bequeath to my grandson, John W. Furness son of my son John C. Furness deceased five hundred dollars, if he shall arrive to the age of twenty-one years, then to be paid over to him by my executor."   The rule on this subject is plainly stated in many judicial opinions and elementary books, and the only difficulty is in a right application of it to particular cases.   In 3 Wooddeson, 512, the rule is well expressed, as follows : "If the time of payment merely be postponed, and it appear to be the intention of the testator that his bounty should immediately attach, the legacy is of the vested kind ; but if the time be annexed to the substance of the gift, as a condition precedent, it is contingent, and not transmissible." See also Godolphin, Part III. *c.* 17, § 11; 1 Roper on Leg. *c.* 10, § 2.   We have, therefore, only to inquire whether, in the case before us, the words, "if he shall arrive to the age of twenty-one years," relate to the words which precede, or to the words which follow them ; or, in other language, whether the arrival of the legatee at the age of twenty-one years is a condition precedent to the gift of the money, or only to the payment of it into his hands.   And we are of opinion that the testator meant to make an immediate bequest to the grandson, as the representative of his deceased father, but that the money should not go into his hands, during his minority.   This seems to us to be the most natural construction of the mere words of the bequest, although the testator's meaning is obscured by the unfortunate collocation of those words, and the inartificial punctuation of the sentence.   We are somewhat confirmed in this construction by the only other devising clause in the testator's will.   After the bequest to his grandson, he gave all the residue and remainder of his property to his five children who were then alive, to be equally divided among them, without any limitation over, by

express mention, of the five hundred dollars, in the event of his grandson's dying under age. It is true that this residuary clause would have passed to the five children the money bequeathed to the grandson, if the legacy to him had failed of effect; but it is hardly probable that the testator knew that such would be its legal operation.

The exceptions do not show who is entitled to the money in question, since the decease of the legatee; but they do show that the plaintiff, as executor, has no claim to it.

*New trial ordered.*