Shaw, C. J.
This is an action brought in this court, by the plaintiff, as administrator of a legatee who died before arriving *517 at the age of twenty-one, against the defendant, as executor of the will by which it was given. The question is, whether it was a vested legacy, to be claimed by a personal representative, or a contingent legacy, depending upon the fact of the legatee living to be twenty-one years of age.
Griffin Eldridge, by his will, duly proved and allowed, in 1833, gave a legacy to his granddaughter, the plaintiff’s intestate. The legacy is twice expressed in the will; in the first instance, where the testator charges the payment of it upon his eldest son, James, the defendant, to whom he devises several parcels of real estate, and whom also he makes residuary devisee and legatee, and sole executor of his will. After the devises to James, his heirs and assigns, he proceeds as follows : “ And I will and decree that the said James Eldridge pay over the several sums hereinafter mentioned, in the following manner, .... Also to my grandson, Thomas P. Eldridge, son of Norman Eldridge, deceased, the sum of $2,000, when he becomes twenty-one years of age; also to my four granddaughters, namely, Hannah &c., and Sarah Malvina, daughters of the aforesaid Norman Eldridge, the sums of $1,000 each, at twenty-one years. And I furthermore will and decree the above-mentioned grandchildren (five) be supported during their minority, each out of the legacy which I have bequeathed.”
The same legacies are given in a later part of the will, and given directly to the same five grandchildren in these words: —
“ Also I give and bequeathe to my grandson, Thomas P. Eldridge, son of Norman Eldridge, late, &c., the sum of $2,000. I also give and bequeathe to my granddaughters, Hannah, &c. and Sarah Malvina, daughters of Norman, deceased, the sum of $1,000 each, when they severally become of age, excepting what may be necessary for their support during their minority.”
Taking these two clauses to be expounded with reference to each other, we are of opinion that the bequest to Sarah Malvina was a vested legacy, and did not depend upon the contingency of her arriving at the age of twenty-one. The *518 rule is well expressed in the opinion of Mr. Justice Metcalf, in the late case of Furness v. Fox, 1 Cush. 134, as cited from Wooddeson. It is thus expressed: “ If the time of payment merely be postponed, and it appear to be the intention of the testator that his bounty should immediately attach, the legacy is of the vested kind; but if the time be annexed to the. substance of the gift, as a condition precedent, it is contingent, and not transmissible.”
The question has been often discussed, and the decision must depend much upon the form of words in which the gift is expressed, the other parts of the will, and surrounding circumstances. In the case of Childs v. Russell, 11 Met. 16, where a testator, who had directed his executor to vest his personal property in a fund, to secure an annuity to his wife during her life, directed as follows: “ And, after her decease, I will and order that all the residue of my estate, real, personal, or mixed, shall be divided among my heirs,” &c. it was held, that the time of distribution only, and not the right to a distributive share, was postponed till after the decease of the wife.
But it is a decisive circumstance, in the present case, that the legacy is charged with the support of the legatee during her minority. In the first clause, he directs his son, James, the executor and residuary devisee, to pay to his granddaughter, Sarah Malvina, $1,000, at twenty-one years of age, and proceeds to direct that she be supported out of it during her minority.
If it stood upon this clause alone, it appears to us that the intent would be quite clear, because it creates an immediate beneficial interest in the legatee, and the payment only is postponed.
And the same construction, we think, must be put upon the last clause. It is substantially this : I give and bequeathe to my granddaughter, Sarah Malvina, $1,000, when she shall become of age, excepting what may be necessary for her support during her minority. The word “ when ” applies to the payment, and not to the gift itself. It presupposes that the gift has before taken effect, and a part of it been paid, and provides *519 a time at which the balance, if any, shall be paid. We may even suppose that, in case of unusual sickness, or expensive education, it would not be inconsistent with the provisions of the will, that the testator understood and intended that the whole should be paid over for the use of the legatee during her minority.
I. Sumner, for the plaintiff.
G. N. Briggs, for the defendant.
But further, upon more general grounds, the words “ give and bequeathe,” in a testamentary paper, import a benefit in point of right, to take effect upon the decease of the testator and proof of the will, unless it is made in terms to depend upon some contingency or condition precedent. It may be postponed, there may be no assets to answer it, it may not take effect in possession and enjoyment; but, in the mean time, the right will vest, to take effect according to the terms of the will. When, therefore, words are equivocal, leaving it in some doubt whether words of contingency or condition apply to the gift itself or to the time of payment, courts are inclined to construe them rather as applying to the time of payment, and to hold the gift rather as vested than contingent.
Considering the legacy of $1,000 as a vested legacy to the granddaughter, we are of op'nion that, upon her dying under age, it did not fail, and that her administrator is entitled to maintain an action, for such portion of it as had not been paid over for her use, in her lifetime, with interest.

Judgment for the plaintiff.