Colt *v.* Hubbard.

| | | |
|---|---|---|
| Caldwell H. Colt, | . . . . | $574\frac{26}{37}$ |
| Henrietta, deceased, . | . . | $574\frac{26}{37}$ |
| Elizabeth E., deceased, . | . . | $574\frac{26}{37}$ |
| Samuel J., deceased, | . . | $574\frac{29}{37}$ |
| Christopher's children, . | . . | $459\frac{27}{37}$ |
| R. D. Hubbard, | . | $57\frac{15}{37}$ |
| R. W. H. Jarvis, } Executors, . | . | $57\frac{15}{37}$ |
| Mrs. E. H. Colt, | . | $57\frac{15}{37}$ |
| L. P. Sargeant, . . | . . | $57\frac{15}{37}$ |
| E. K. Root, . . | . . | $57\frac{15}{07}$ |

And we advise the superior court to decree accordingly.

In this opinion the other judges concurred.

---

### EDWARD D. COLT *vs.* RICHARD D. HUBBARD AND OTHERS, EXECUTORS.

It is a settled rule in the jurisprudence of England, adopted from the civil law, that where a legacy is given to a person "as," "if," "when" or "provided" he arrives at a certain age, or "at" that time, and there is no other controlling evidence of intention, the legacy is contingent.

The rule is a correct one where the words "if" or "provided" are used, and in cases where the other words are used in giving a legacy to a minor if there is a provision for intermediate support or other additional evidence of an intention to give contingently.

Whether it is safe to infer the intention from the mere use of the words "as," "when," or "at," where those words are used by a draftsman of ordinary intelligence, the legacy is specific, the time fixed that of legal age, and there is no bequest over, nor provision for intermediate support, or appropriation of the income, and nothing else to indicate an intention to give contingently: *Quære.*

Where in the body of his will a testator gave a legacy to a minor of a certain number of shares in a certain kind of stock contingently, and other legacies of the same kind of stock to other persons absolutely, and afterwards in the residuary clause gave the residue of that stock to the persons and parties to whom he had thereinbefore given shares of that stock, to be shared by the same persons to whom were given specified legacies in stock and in precisely the same ratable proportions, and there was no other evidence of intention to give the residuary legacy contingently, it was held that the legacy vested absolutely in the legatee.

AMICABLE submission upon an agreed statement of facts, reserved by the superior court for the advice of this court.

The plaintiff is the son of Christopher Colt, and as such one of the legatees under the will of Samuel Colt. The defendants are the executors of the will. That part of the will containing the legacy to the plaintiff is set out in the report of the case next preceding, (*ante* page 272.) The residuary clause of the will, under which also the plaintiff claims, is set out in the same case, (*ante*, page 274.) The will was executed June 3d, 1856, and republished for the last time in connection with a codicil then made, on the 2d of February, 1859. The testator died on the 10th of January, 1862. The plaintiff was born May 28th, 1844, and became of age May 28th, 1865. After the death of the testator and before the plaintiff became of age, several dividends were declared on the stock bequeathed to the plaintiff, which were drawn and are now retained by the executors. The plaintiff claims these dividends and the defendants deny his right to them, which is the question submitted to the court.

*C. Chapman* and *H. C. Robinson*, for the plaintiff.

1. The legacies are vested.

The bequest in the residuary clause of the will is limited by no conditions. The conditions imposed upon the legacy in the body of the will do not attach. *In re More's Trusts,* 17 Eng. L. & Eq., 577, 580; *Colt* v. *Colt,* 32 Conn., 422. The legacy of one hundred shares in the body of will is vested. The condition attaches to the pecuniary legacy in gross only. And it relates only to the time of payment. Courts lean to vested rather than contingent legacies. Bequests are often held to be vested where the language employed seems to the common mind to make gifts contingent. *Laroque* v. *Clark,* 1 Redf., 469; *Biggs* v. *Gibbs,* 19 Eng. Law & Eq., 348; *Furness* v. *Fox,* 1 Cush., 134; *Bromfield* v. *Crowder,* 1 Bos. & Pul. N. R., 313; *Barker* v. *Barker,* 13 Eng. Law & Eq., 172; *Bowditch* v. *Andrew,* 8 Allen, 339; *Boddy* v. *Dawes,* 1 Keen, 362. Such bequests are often held to be vested, liable to devesting on the failure of the condition. *Roome* v.

*Phillips*, 24 N. York, 463 ; *Nicholls* v. *Osborn*, 2 P. Wms., 419 ; *Ridgway* v. *Ridgway*, De Gex & Smale, 271 ; *Shattuck* v. *Stedman*, 2 Pick., 470 ; *In re Baxter's Trusts*, 28 Jurist, 846. Where the language of bequests construed strictly and *per se* expresses only a contingent interest, if the will in its other parts and features indicates that the gift is intended to be absolute, then the estate vests. *Wright* v. *Wright*, 13 Eng. Law & Eq., 165 ; *Eldridge* v. *Eldridge*, 9 Cush., 516 ; *Childs* v. *Russell*, 11 Met., 16 ; *Corbin* v. *Wilson*, 2 Ashmead, 178 ; *Newport* v. *Cook*, id., 332, 341 ; *Bland* v. *Williams*, 3 Mylne & Keen, 411, 416 ; *Underwood* v. *Dismukes*, Meigs, 299 ; *Fuller* v. *Fuller*, 5 Jones' Eq., 223 ; *Van Wyck* v. *Bloodgood*, 1 Bradf., 154 ; *Kidd* v. *North*, 27 Eng. Law & Eq., 479. A distinction is often made between the words "*when*" and "*as*" on the one hand, and "*if*," "*in case*," "*provided*," and "*at*" on the other ; "*when*" and "*as*" are usually referable to possession ; the others are more often treated as creating a condition precedent. *Doe* v. *Lea*, 3 T. R., 41, 43 ; *May* v. *Wood*, 3 Brown Ch. R., 474 ; *Booth* v. *Booth*, 4 Ves. Jr., 400 ; *Shattuck* v. *Stedman*, 2 Pick., 471. The will in dispute evidently contemplates a vested interest in the legatee. The legacy is specific. 2 Wms. Exrs., 1041, 1047 ; *Bethune* v. *Kennedy*, 1 Mees. & Cromp., 114 ; *Fontaine* v. *Tyler*, 9 Price, 94 ; *Queen's College* v. *Sutton*, 12 Sim., 521 ; *Jacques* v. *Chambers*, 2 Collyer, 435 ; *Evelyn* v. *Ward*, 1 Ves., 425 ; *Selwood* v. *Mildmay*, 3 Ves. Jr., 310 ; *Brainard* v. *Cowdrey*, 16 Conn., 1 ; *Walton* v. *Walton*, 7 Johns. Ch., 258 ; *Colt* v. *Colt*, 32 Conn., 422. There is no gift over. *Furness* v. *Fox*, 1 Cush., 134 ; *Boddy* v. *Dawes*, 1 Keen, 362. The stock is severed from his general estate and given to another class than his residuary legatees. It is the subject of a special donation in the mind of the testator. The language of the gift is comprehensive.

2. The dividends are included in the gift. If the legacy is specific and vested, of course the dividends go to the legatees although the gifts are payable hereafter. *Wright* v. *Warren*, 4 DeGex & Smale, 367 ; *Ridgway* v. *Ridgway*, id., 271 ; *Boddy* v. *Dawes*, 1 Keen, 362 ; *Tanner* v. *Tanner*, 5 Eng.

Railway Cases, 184 ; 2 Wms. Exrs.. 1283, and cases cited ; *Barrington* v. *Tristram*, 6 Ves. Jr., 345 ; *Bristow* v. *Bristow*, 5 Beav., 289 ; *Clivé* v. *Clive*, Kay, 600. There is a broad distinction between general and specific legacies, and between gifts of money and gifts of stock.

*O. S. Seymour* and *McFarland*, for the defendants.

1. The bequests are contingent and not vested. The language of the will on which the question depends is as follows : " To each of the other children, &c., *1 give and bequeath, as they shall respectively arrive at the age of twenty-one years*, one hundred shares of stock in Colt's Patent Fire-arms Manufacturing Company." This means when they *shall have arrived* at the age of twenty-one years. The word " give " is in the present tense, but in a will it never denotes a present gift. Such words are always understood as post-dated, and generally become effective as words of present gift at the death of the testator unless some other date is affixed to them. Here another date is expressly affixed, viz., *when, &c., as, &c.* The date is inserted for that very purpose and no other, to show when the words " I give " take effect. When an adverb of time qualifies the verb " give " it denotes the time when the action of the verb commences. The word " when " is also secondarily connected with the stock itself, and denotes a gift of the stock as the stock shall be when the parties arrive at the age to take it—denoting a reversionary or executory interest. The bequest until twenty-one is contingent, because if no one is living to take the gift when the words of gift become operative the legacy lapses, and for the same reason that it lapses where the legatee dies after the date of the will and before the death of the testator. 1 Jarman on Wills, 734, 760 ; 1 Swift Dig., 453, 454 ; 2 Stephen's Black., 217 ; 1 Eq. Cases Ab., 295, 296 ; *Bradner* v. *Falkner*, 2 Kernan,. 476 ; *Smith* v. *Moore*, 25 Verm., 127 ; 2 Wms. Exrs., 1101.

2. The dividends do not pass by the bequests. Intermediate profits in cases of executory bequests belong to the heir or next of kin or residuary legatee. 4 Kent Com., 284 ; 1 Jar-

man on Wills, 594, 754, 757 note, 759, 760, 762; *Cruse* v. *Bailey*, 3 P. Wms., 20 ; *Leake* v. *Robinson*, 2 Merivale, 363 ; *Ford* v. *Rawlins*, 1 Sim. & Stu., 328 ; *Taylor* v. *Bacon*, 8 Simons, 100 ; 5 Cruise Digest, ch. 18, tit. 38. What are these children to have when they come of age ? The will says *one hundred shares of stock*, but the dividends which have been declared are no part of the stock, no more than fleeces of wool after being severed from the sheep, or milk taken from a cow, or the offspring of animals. If the dividends are, as the plaintiff claims, part of the stock, they must remain undrawn until the parties come of age. They vest when the stock vests. Nothing is given till they are twenty-one years of age. The plaintiff is entitled to all that answers to the description of stock when the will takes effect. The dividends are not given in terms, and the plaintiff shows no title to them unless past dividends are included within the term stock. The practice of declaring dividends is universal and was known to the testator, and if he intended dividends he would have said so, as in other parts of the will. What motive was there for postponing the gift till twenty-one, if the profits in the mean time belonged to the children ? The testator meant they should have the property only if they lived to have the care of it and need it. The interests given in the body of the will are types of that given in the residuary clause. The ratio and proportion relate not merely to the number of shares but to the time of enjoyment. No reason can be suggested why the time of vesting should not be the same in both cases. The exclusion of the plaintiff from intermediate profits in the residuary stock follows from his exclusion in the principal bequest, in order to make the ratio and proportion such as is required by the will.

BUTLER, J. It is now more than two hundred years since the rule was adopted by English jurists from the civil law, that where a legacy is given to a person "*as*," "*if*," "*when*," or "*provided*" he arrives at a certain age, or "*at*" that time, and there is no other controlling evidence of intention, the legacy is contingent, and where it is given generally and

"*payable*" or "*to be paid*" at such time, it is vested. The rule has also been adopted in this country in several cases. The reason on which the rule is based is said to be that in one case the *time* is annexed to the *substance* and constitutes a condition, and in the other to the *payment* and does not constitute a condition. As a rule adopted and followed by the most eminent chancellors of England and some distinguished judges of this country, it demands respect. But it is an arbitrary rule, for the use of some of those words does not necessarily import an intention to give the legacy contingently; and although in England, where most wills are drawn with technical accuracy by men educated to the business of conveyancing, it may be safe now to assume, as a rule, that the words are used in the technical sense they have acquired, it is questionable whether such an assumption is safe here. Most of our wills are drawn by men who have little or no technical knowledge of the rules governing the construction of wills, and who aim only at a plain and concise expression of the wishes of the testator. Where the words "*if*" or "*provided*" the legatee arrive at a certain age are used, the intention to give contingently is clear. But the words "*as*," "*when*" and "*at*," may naturally be used, and probably are often used by the draftsman, when the intention of the testator is to give an absolute legacy, but to let it remain in the hands of the executors until the legatee arrives at an age to be entrusted with the control of it; and where those words are used by a draftsman of ordinary intelligence and experience, and the legacy is specific, and the time fixed is that of legal age, and there is no bequest over, nor provision for intermediate support, or appropriation of the income, and nothing else to indicate an intention to give contingently, I think a court should hesitate to infer such an intention from their use alone. But in this case there is a provision for the intermediate support of the legatee, independent of and less in amount than the dividends on the stock which the testator must have anticipated, indicating an intention that the intermediate dividends should become part of his estate, and that the legacy was intended to be contingent, and we should not

be justified in departing from the rule. We therefore advise that the plaintiff is not entitled to judgment for the dividends on the first legacy.

But in respect to the residuary legacy we have come to a different conclusion.

The residuary bequest is not contingent in terms. It is a bequest of the remaining arms company stock, to the " persons and parties " to whom shares of that stock had thereinbefore been given, to " be *shared* by the same persons to whom I have given specified legacies in stock and in precisely the same ratable proportions." That language gives a *rule of division* and nothing more. Doubtless it reaches to the quantum of interest, or *estate* in the shares, as well as the *number* of shares, because a divided interest in the same shares had previously been given to some of the " persons and parties " referred to, and they must *share*, according to the interest or estate given, with those having the remaining interest in the same shares. But it is none the less a simple rule of division. It has no reference to any conditions or contingencies attached to the previous bequests. The whole scope and import of the residuary clause, as a clear and unambiguous bequest, is answered, and fully and completely answered, when the residuary shares are divided to and *vested absolutely* in the persons and parties to whom shares of stock had been given, according to the interest of each therein. Standing by itself then it is not susceptible of any construction reaching beyond the number of shares and quantity of interest in them as thereinbefore given, without adding to its plain, clear and natural import; and can not be strained even so as to import an intention that the legacies it gives, or any of them, should be taken conditionally or contingently.

Where else then do we find such an intention expressed. If we turn to the body of the will we find nothing to indicate it. It has been urged in argument that the body of the will is the measure of the testator's bounty towards his legatees, and that he desires that measure strictly and in all respects to be applied to the residuum. The body of the will is the meas-

ure of his bounty as to the number and quantity of interest in the remaining stock, because and only because it is made so expressly by the residuary clause. There is nothing else to make it so. When therefore it is said that the testator desires it to be the measure in all respects—in respect to conditions and contingencies as well as the number of shares and quantity of interest,—it is mere assertion. Nothing is pointed out or exists in the body of the will which authorises the assertion. There is indeed the fact that both legacies are of the same kind of stock. But it is not claimed that we can hold the condition attached to the first legacy applicable to the second for that reason; and we have said we could not in a former decision. And it may be true that no plausible reason can be given why the first legacy should be given contingently and the second absolutely. But it is not for us to attach conditions and limitations or infer intentions which are not expressed or implied, in order to make testators consistent with themselves, in any case, certainly not in this. This original will was fully considered by a shrewd man, was carefully drawn, and disposed of an immense estate. The residuary clause in particular is peculiarly studied and clear, and if such an intention had then existed, less than half a dozen added words would have expressed it. Shall we assume the intention to have existed, and then assume further that the testator, or draftsman, or both, mistakenly omitted them, because they thought them unnecessary, and add the words in effect for the purpose of making the will consistent? These questions carry their own answer with them. Besides, the testator may never have had such an intention with respect to the original bequest. We have holden that he had under the constraint of a well settled but technical and somewhat arbitrary rule of construction. But if the question had been new, we might as well have inclined against the limitation of the first legacy, because of the absolute terms of the second bequest, on the ground that no plausible reason could be urged why both would not have been given contingently, if the intention existed at all, as the reverse. And we are satisfied that as the case stands the argument is without force.

It is further urged in effect, that as we have holden that the residuum is to be divided on a ratio of the interest of the parties in the stock, we are to look at the value of the plaintiff's interest in the first legacy, because a postponed legacy, and postpone his second legacy in order to give him the same *value*. The *interest* we regarded in the former case was an *estate* in shares less than the whole, to be *shared* by and between the father for life and the children in remainder, and as between them it was necessary to regard it. But the plaintiff takes an undivided estate in both legacies. We do not discover any force in that argument.

On the whole we are satisfied that there is nothing in the body of the will or the residuary clause which will warrant the application of the condition attached to the first legacy to the second, so as to make the latter contingent, and that the superior court should be advised to render judgment for the plaintiff for the dividends accrued on his shares of the residuary stock.

In this opinion the other judges concurred.