JOHN APPLETON and others *vs.* COUNTY COMMISSIONERS.

Piscataquis. Opinion March 13, 1888.

*Way. Appeal. Assessment. Practice. R. S., c. 6, § 78; c. 18, § § 41, 44.*

By R. S., c. 18, § § 41, 44, an appeal may be taken, by any person interested, from the decision of county commissioners in laying out a highway through unincorporated townships, the appeal to be taken on any day before, and to be entered in, the term of the Supreme Judicial Court first to be holden after such decision is made.

By R. S., c. 6 § 78, the assessment of benefits is to be made at the first regular session of the commissioners after they have laid out the road. But where an appeal has been taken from their action in laying out the road, such assessment cannot be regularly made before their first regular session after such appeal has been finally disposed of in the court above.

If the benefits are assessed at the first regular session of the commissioners after their action in laying out the way, and, as it may happen, an appeal be still later but seasonably taken to their decision in laying out the way. the result will be that the assessments have been prematurely made, and are nugatory. In due time they may be made anew.

ON exceptions.

Appeal from the decision of the county commissioners in locating a way and the assessment upon the lands over which it was located.

At the February term, 1887, of the Supreme Judicial Court the appellants filed a motion for a hearing at that "term of court on said case and to determine what part of said assessment shall be paid by the owners of the tracts or townships over which said road was located, and what part, if any, by the county of Piscataquis, in accordance with provisions of R. S., c. 6, § 78." The court denied the motion and the exceptions were to that ruling.

*Wilson and Woodard*, for the appellants.

Our opinion is that the presiding justice was right in denying the motion, and that the exceptions should be overruled.

But if overruled it must be on the ground that the parties will hereafter have the right to be heard on said assessments, and the same revised by a single judge under section 78, c. 6, R. S., should such a hearing be necessary and the evidence show such revision to be right and just. In that way the rights of appellants will be preserved.

*W. E. Parsons*, county attorney, *and A. G. Lebroke and J. F. Sprague*, for appellees, cited: *Winslow* v. *Co. Com.* 31 Maine, 444; *Atkins* v. *Wyman*, 45 Maine, 399; *Tarbox* v. *Fisher*, 50 Maine, 236; *Paine* v. *Cowdin*, 17 Pick. 142; *Ewer* v. *Beard*, 3 Pick. 64; *Com.* v. *Harvey*, 111 Mass. 421; *Com.* v. *Fredericks*, 119 Mass. 199; *Smith* v. *Cumberland Co.* 42 Maine, 395; *Hodgdon* v. *Aroostook Co.* 72 Maine, 246.

PETERS, C. J.   By section 41, ch. 18, R. S., county commissioners may lay out a highway through unincorporated townships. By section 44 of same chapter an appeal from the decision of the commissioners is allowed to any person interested. No time is stated within which the appeal must be taken. But as the appeal is to be entered in the Supreme Judicial court at the term thereof first held after the decision of the commissioners' court, the implication is that it may be notified to the clerk of their court on any day before the first day of the term of court to which the appeal is taken.

The next step is to assess the benefits on the lands over which the road passes. By § 78, c. 6, R. S., this shall be done at the

first regular session of the commissioners' court after the road has been laid out. And from their adjudications on this question an appeal may be taken by any person aggrieved thereby, to be entered at the first term of the appellate court holden after the assessments are made.

It is obvious enough that, as it happens in this case, if the statutes are literally obeyed, the two appeals might come to the upper court at the same time. The processes provided are not particular enough to prevent such a result.

We think in such case the assessments prove to be prematurely made. They are to be made after the road has been laid out. But the road cannot be considered as laid out, when an appeal has been taken, until final action on the question by the appellate court. The ordinary formalities may have been taken by the commissioners for the purpose of laying out the road, but, by force of an appeal, their work is, for a time at least, deprived of its intended effect. If the court above confirms their proceedings, then the road becomes legally established. Then, and not until then, is the road laid out.

And here arises a question. What shall the duty of commissioners be in the matter of assessing benefits, when it happens that the term of their court comes round at which the assessments should be made, if there is to be no appeal, and the time allowable for an appeal has not expired. If the term of their own court goes by, and no appeal is afterwards taken, the assessments made afterwards, will be too late, while if made at such term, and an appeal is taken, they will be too early. We think they may perform this work at their first term after their action in laying out the road, and if no appeal afterwards appears, the assessments then made will be valid and regular. But if an appeal be taken to the laying out of the road after the assessments have been made, and within the time allowed for an appeal, then such assessments become nugatory and of no avail whatever. In such case, however, the commissioners will have the benefit of the examinations previously made, and of the consideration bestowed upon the questions involved, when they make the assessments again.

It may be well to observe that section 47, which is included in that portion of c. 18, R. S., which is applicable to ways in places not incorporated, does not belong in such division. It relates to appeals from assessments of damages, and not to appeals from the assessment of benefits. *Boston & Maine R. R. Co.* v. *County Commissioners*, 78 Maine, 169.

The exceptions must be overruled. The appeal on the question of assessments was ineffective, the assessments having been prematurely made.

*Exceptions overruled.*

WALTON, DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.