THE FIRST NATIONAL BANK OF BRIDGEPORT, TRUSTEE, *vs.* ARTHUR D. SOMERS ET ALS.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Unless a testator has clearly manifested his intent to be otherwise, an estate is to be construed as vested rather than contingent and as vesting immediately upon his death.

A legacy given to a person to be paid at a future time vests immediately; one not given until a future time does not vest until that time.

Upon condition that his residuary estate did not exceed $50,000 at the termination of his wife's life use, the testator provided that a certain named sum of money should be given to each of several designated beneficiaries and if any "be not living, then to his children to be theirs absolutely and forever," and that the balance "including lapsed legacies" should be distributed to his adopted daughter. He further provided that if more than $50,000 was available, these same beneficiaries should receive, instead of the foregoing gifts, certain amounts based upon a fractional division of the estate, and that the balance and also the share of any beneficiary not living should be distributed as directed in the earlier paragraph. Between the testator's death and that of the life tenant, at which time the estate was found

to exceed $50,000, several of the beneficiaries died, two of them without children surviving. *Held* that the contingency upon which the division of the estate depended, i.e., the amount of the residue, concerned not merely the time of payment of the gifts, but was annexed to their substance; and that, therefore, they did not vest until the death of the life tenant.

The word "then" may be employed as an expression of time or as an equivalent of "in such case" or "in that event."

Argued April 20th—decided June 11th, 1927.

SUIT for the construction of the will of George E. Somers, late of Bridgeport, deceased, brought to the Superior Court in Fairfield County and reserved by the court (*Dickenson, J.*), upon the admitted allegations of the complaint, for the advice of this court.

*Paul L. Miller,* for the plaintiff.

*Samuel F. Beardsley,* for the defendants Philip S. Jaynes *et als.*

*Harold E. Drew,* for the defendant Myron J. Whitlock.

*Cleaveland J. Rice,* for the defendants Frances Somers Manross *et al.*

*Albert J. Merritt,* for the defendant Jennie S. Rawlins.

HINMAN, J.   George E. Somers died December 15th, 1915, leaving a will dated June 3d, 1905, and two codicils dated July 11th, 1907, and October 30th, 1915. The second paragraph of the will creates a trust fund of $20,000 for Jennie S. Rawlins, testator's adopted daughter; by paragraph third the testator gave to his wife, Fannie E. Somers, absolutely, one half of all his remaining estate, less $6,000. By paragraph fourth, he gave to his wife "the use, income, and improvement

of all the rest, residue, and remainder of my estate, both real and personal, during her natural life."

Paragraph fifth of the will reads in part as follows: "If at the decease of my said wife Fannie E. Somers the rest, residue, and remainder of my estate of which she is to have the life use, does not exceed fifty thousand dollars in value, then I give, devise, and bequeath to each of the following named persons, and each of the following named corporations and societies, the following named sums of money, to be theirs absolutely and forever, viz: To my brother David Somers, thirty-five hundred dollars, and if he be not living then to his children to be theirs absolutely and forever." Then follow bequests, identical in form with that to David Somers, to testator's brother John W. Somers $3,500, to his niece Emma D. Somers $3,000, to his niece Mrs. Elizabeth Sanford $3,000, to Lillie M. French Taylor, niece of his wife, $4,500, to his cousin Margaret V. Jaynes $2,000, to his nephew Arthur D. Somers $500, and to Rebecca H. French, a niece of his wife, $500; also bequests of $500 each to the Bridgeport Hospital, the Boys' Club of Bridgeport, and the Young Men's Christian Association of Bridgeport.

"Sixth: All the rest, residue, and remainder of my estate, including lapsed legacies, I give, devise and bequeath to Jennie S. Rawlins, . . . to be hers absolutely and forever, and if she be not living then to her children to be theirs absolutely and forever."

"Seventh: If at the decease of my said wife Fannie E. Somers the rest, residue, and remainder of my estate of which she is to have the life use, exceeds fifty thousand dollars in value, then it is my will, and I direct that the legacies set forth in the fifth paragraph of this will to David Somers and others, and in the sixth paragraph of this will to Jennie S. Rawlins, be not paid, and it is my will and I make the following disposition

of my said remaining estate in place thereof, that is to say: I give, devise, and bequeath to each of the following named persons and to each of the following named societies and corporations, the following named parts of the rest, residue, and remainder of my said remaining estate, to be theirs absolutely and forever, to wit: To my brother David Somers, seven one-hundredths, and if he be not living then to his children absolutely and forever." And, in identical form, to John W. Somers seven one-hundredths, Emma D. Somers seven one-hundredths, Elizabeth Sanford seven one-hundredths, Lillie M. French Taylor eight one-hundredths, Margaret V. Jaynes four one-hundredths, Arthur D. Somers, two one-hundredths, Rebecca H. French two one-hundredths, Frank D. Somers one one-hundredth, and J. Edward Somers one one-hundredth (the last two not mentioned in paragraph five). The three institutions mentioned in the fifth paragraph are given a total of eight one-hundredths, and similar bequests, aggregating fourteen one-hundredths, are made to seven other religious and benevolent societies and corporations. The eighth paragraph is a practically exact repetition of paragraph sixth, giving the residue of the estate to Jennie S. Rawlins.

In the 1907 codicil the second paragraph reads: "Whereas in the Fifth Paragraph of my said last will and testament, there appear the following words: 'To Rebecca H. French, a niece of my wife, five hundred dollars, and if she be not living, then to her children absolutely and forever,' it is now my will and I direct that said words in said paragraph above quoted shall be stricken out of my said last will and testament and shall become null and void, and in lieu thereof the following words shall be inserted: 'To Rebecca H. French, a niece of my wife, twenty-five hundred dollars, and if she be not living, then to her children abso-

lutely and forever.'" In the third paragraph the words in the seventh paragraph of the will, bequeathing two one-hundredths to Rebecca H. French are in like manner directed to be stricken out and "in lieu thereof there shall be inserted the following words: 'To Rebecca H. French, a niece of my said wife, five one-hundredths, and if she be not living, then to her children absolutely and forever.'"

Fannie E. Somers, the life tenant under the fourth paragraph, died May 8th, 1926, and on that date the residuary estate amounted to $81,487.80. David Somers predeceased the testator leaving a son, now living, and an adopted daughter, who died without issue in 1918. Emma D. Somers, Lillie M. French Taylor, Margaret V. Jaynes, Rebecca H. French, Frank D. Somers and J. Edward Somers survived the testator but died before the life tenant, all, except Emma D. Somers and Rebecca H. French, leaving children surviving the life tenant. The other individuals named as beneficiaries in paragraphs five and seven survived the life tenant. The residue of the testator's estate of which he gave the life use to his wife exceeded $50,000 in value at the decease of his wife, the life tenant. Accordingly the seventh paragraph of the will and not the fifth governs its disposition.

The following questions are submitted by the reservation: "(1) Whether under paragraph seventh of the will . . . as subsequently modified by paragraph third of the first codicil thereto (the trust fund exceeding $50,000 in value at the decease of the life tenant) the several gifts by way of fractional one-hundredths to Emma D. Somers, Lillie M. French' Taylor, Margaret V. Jaynes, Rebecca H. French, Frank D. Somers, and J. Edward Somers, all of whom survived the testator but died before the life tenant, vested in said beneficiaries at the death of the testator and as

such should be distributed to their personal representatives? (2) Whether there vested any interest in Dorothy Somers (Whitlock) adopted daughter of David Somers, deceased, who herself deceased without issue her surviving on June 16th, 1918, and to which her personal representative would now be entitled, she having survived both her adopted father, and the testator, but not the life tenant? (3) Whether, in the event of a negative answer to the foregoing questions, the vesting of said gifts occurred upon the death of the life tenant? (4) Whether, if the vesting of said gifts occurred upon the death of the life tenant, the gifts now fall to the surviving children of such originally named (but then deceased) beneficiaries as have left children, and whether the issue of such child or children shall take the portion of its parent to which said parent would have been entitled had he or she survived to that time? (5) Whether, if the vesting of said gifts occurred upon the death of the life tenant, the gifts to such of the originally named beneficiaries who have predeceased said life tenant leaving no child or children and no issue of such then surviving, now go to the ultimate residuary legatee?"

The decisive inquiry under these questions is whether the bequests provided for in the seventh paragraph of the will vested at the death of the testator or at the decease of the life tenant.

Two rules of testamentary construction have especial applicability in resolving this inquiry. The law favors the vesting, and the early vesting, of estates, and in the absence of manifestation of a clear intent to the contrary an estate will be construed as vested rather than contingent and, unless otherwise clearly expressed, as vesting immediately upon the testator's death. *Harrison* v. *Moore,* 64 Conn. 344, 30 Atl. 55; *Dale* v. *White,* 33 Conn. 294; 2 Page on Wills (2d Ed.) §§ 1110,

1117; 40 Cyc. p. 1650. Another rule of frequent and here of particular application is that if a future event or time is involved, the nature of the interest depends upon whether such future event or time concerns the gift itself or merely the payment of it; when futurity is annexed to the substance of the gift, the vesting is postponed, but if annexed to the time of payment only, the legacy vests immediately. *Colt* v. *Hubbard,* 33 Conn. 281, 286; *Dale* v. *White,* 33 Conn. 294, 296; *In re Will of Mansur,* 98 Vt. 296, 127 Atl. 297, and cases cited at page 299; 2 Page on Wills (2d Ed.) § 1111. Where a legacy is given to a person to be paid at a future time, it vests immediately; but where it is not given until a future time it does not vest until that time. *Geissler* v. *Reading Trust Co.,* 257 Pa. St. 329, 101 Atl. 797. " 'If the time of payment merely be postponed, and it appear to be the intention of the testator that his bounty should immediately attach, the legacy is of the vested kind; but if the time be annexed to the substance of the gift, as a condition precedent, it is contingent.' " *Furness* v. *Fox,* 55 Mass. 134, 136. The decision must depend much upon the form of the words in which the gift is expressed, the other parts of the will, and the surrounding circumstances. *Eldridge* v. *Eldridge,* 63 Mass. 516, 518. Where the situation is sufficiently equivocal to permit of doubt whether the contingency applies to the gift itself or the time of payment, courts are inclined to construe it as applying to the time of payment, and to hold the gift as vested rather than contingent. *Dale* v. *White, supra.*

Notwithstanding this inclination we are unable to develop, from application of these rules of construction to the facts of the case at bar, sufficient justification for a conclusion that the contingency here attaches to time of payment only but conclude that it is of the

substance of the gifts. We reach this conclusion by ascertaining the intent of the testator as expressed in these provisions, considered in the light of other portions of the will and the surrounding circumstances. It is clear that the testator intended paragraphs five and six and paragraphs seven and eight to be alternative, leaving the question as to which of the two groups should be operative dependent upon a condition—the amount of the residuary estate—which could be determined only at the termination of the life estate to his wife, created by the fourth paragraph. This is a plain indication that the testator did not intend these bequests to vest until the amount of the residuary estate at the death of the life tenant was determined. The language of the second and third paragraphs of the 1907 codicil is significant in that connection; he therein amends the "words" of the fifth and seventh paragraphs of the will instead of a pre-existing bequest, thereby indicating that such bequest would not come into operative existence until the specified event should determine which of these two paragraphs should take controlling effect. Of like significance is the repetition, in terms, in paragraph eight of the will of the same provision as to residuum, after payment of the legacies under paragraph seven, as was made by the sixth paragraph, with reference to paragraph five. In both these clauses "lapsed legacies" are expressly included in the residue, which may well indicate, as was suggested in argument, contemplation that by reason of a postponement of vesting such lapses were likely to occur. Under the provisions of paragraph five, the amounts of the bequests are specified, while under paragraph seven these amounts are made dependent upon a fractional computation, based on the total remaining at the termination of the life tenancy. Under paragraph five the bequests to David Somers and John W. Somers

are $3,500 to each, to Emma W. Somers and Elizabeth Sanford $3,000 each; under paragraph seven each of these four is given seven one-hundredths. Other bequests exhibit similar variations as to share of the individual beneficiary and as compared with other legatees. In paragraph seven two bequests to individuals and seven to organizations not mentioned in paragraph five are made. The proportion of the estate to which each of the several legatees is entitled could not be determined upon the death of the testator nor until the death of the life tenant. Such a situation has been held to render bequests contingent. *Gill* v. *Weaver,* 21 N. C. 41. See also *Lyman* v. *Parsons,* 26 Conn. 493, 519. The substitutionary provisions, in both paragraph five and paragraph seven, are that if the named beneficiary "be not living, then to his [or her] children," and it is argued that the word "then" as therein used was intended to express the time when the beneficiary should be determined for the enjoyment of the gift. We think, however, that the word is not to be so construed, but as the equivalent of "in such case" or "in that event," in which sense it is frequently employed. On the other hand, in a provision, also common, in case the beneficiary "be not then living," "then" refers to time.

The foregoing considerations lead, convincingly, to the conclusion that in the intent of the testator as evidenced by his will, the death of the life tenant and the amount of the residual estate at that time was the focal point of determination as to which—paragraph five or paragraph seven—should prevail and become operative and when the interests of the beneficiaries thereunder should vest.

It follows that our answer to the first and second questions is no, to the third and fifth yes. As to the fourth, the gift to a named beneficiary who predeceased

the life tenant but left children surviving at the death of such life tenant falls to such surviving children, to the exclusion of the issue or representatives of children who predeceased the life tenant.

No costs in this court will be taxed in favor of any party.

In this opinion the other judges concurred.