DONALD GAFFNEY, TRUSTEE, *vs.* JEAN E. SHEPARD ET AL.

First Judicial District, Hartford, May Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued May 2d—decided September 28th, 1928.

*William F. Mangan* and *Leo V. Gaffney,* for the plaintiff.

*Lawrence A. Howard,* with whom, on the brief, was *Cyril Coleman,* for the defendants.

HAINES, J.   The plaintiff was appointed the trustee in bankruptcy of the estate of Walter S. McKenney, in May, 1926, and shortly thereafter made demand of the defendants, who are trustees under the will of the father of the bankrupt, William B. McKenney, deceased, that all the interest of Walter be turned over to the plaintiff.   The defendant trustees surrendered such income of the trust fund as accrued to Walter, but refused to deliver any portion of the principal of the trust, contending that there was no transferable or assignable interest therein vested in the bankrupt under the provisions of the will of Walter B. McKenney, deceased.   The question thus presented is the controlling issue of the present case and involves the construction of paragraphs four, five, six and seven of the will, set forth in the footnote.

Article IV.   All the rest, residue and remainder of my estate, both real and personal and of whatsoever nature, wherever the same may be located or found, which I may own or have the right to dispose of at my decease, I give, devise and bequeath to Jean E. Shepard of South Windsor, Connecticut, Joseph C. Thompson of Avon, Connecticut, and Walter W. Benstead, of Farmington, Connecticut, IN TRUST, to manage and control the same and particularly to operate my farm, and to collect and pay over all the net income of said residue after deducting a reasonable charge for their own services to the following persons in the following proportions:

Thirty-five per cent to my wife, Emma L. McKenney.

Twenty-eight per cent to my daughter, Grace McKenney.

Seventeen per cent to my son, Walter McKenney.

Twenty per cent to my daughter, Mary McKenney Gaylord.

I further direct my said trustees to permit my wife, Emma L. McKenney and my daughter, Grace McKenney, to use my house, garden and yard in such manner as my said wife and daughter

The following questions are submitted to us for our advice: (A) What interest in the trust created by Articles IV, V, VI and VII of the will of William B. McKenney does the trustee in bankruptcy of Walter McKenney take? (B) Did the interest of Walter in the corpus of the trust fund created under the will of his father, William, vest upon the death of William? (C) Is such interest in the corpus assignable and transferable by such trustee in bankruptcy?

may desire, and to give to them so much of the produce of my said farm as they may need for their own use.

Article V. In the event of the death of any one of the beneficiaries of the trust above mentioned, either before my death or thereafter, I direct my said trustees to pay over the share of said income that would have been paid to such deceased person to his or her children, if there be any, and, if there be no such children, then to divide such income equally among the remaining beneficiaries of said trust above named.

Article VI. Upon the expiration of ten years from the date of my death, I direct my said trustees to sell all the property remaining in said trust. and to divide the proceeds among the four beneficiaries of said trust named in Article IV in the same proportions as are provided for the distribution of income in said Article IV, the children of any beneficiary that may be deceased at that time to take such beneficiary's share of the principal, and if there be no children of such beneficiary, then living, then the share of such deceased beneficiary to be equally divided among the remaining beneficiaries. In the event that all said beneficiaries shall die prior to the expiration of ,said ten years, then I direct my said trustees to sell all the property then remaining in said trust and to distribute the proceeds equally among the children of all said four beneficiaries then living. per capita and not per stirpes.

Article VII. I give my said trustees the power at any time to sell and resell, with the consent of all said four beneficiaries that may be living at the time of such sale, any part or all of the principal of said trust. I also give my said trustees the power at any time to sell and resell such parts of the stock and personal property connected with said farm as may be necessary or convenient in the operation thereof. I further request my said trustees to avail themselves of the advice of my son Walter with regard to the management and operation of said farm.

The primary purpose of the testator seems clearly to have been, to leave his entire estate to his wife Emma and his children Grace, Walter and Mary, though in slightly unequal proportions. He desired that his property as then invested in a farm and equipment should serve for ten years as the source of income for this entire family; but recognizing the possibilities of conflict of authority in a joint management of the property, he provided three trustees to hold and manage it for that period, and divide the net earnings among these beneficiaries. The trustees are not permitted to sell the farm save upon the death of all the beneficiaries within the ten-year period, or upon the joint consent of the living beneficiaries during the same period; and at its expiration the trustees are to convert the property into cash and surrender it to those beneficiaries in the same proportions in which they had enjoyed the income.

This general scheme of disposition discloses no purpose of the testator to withhold or restrict the gift of all this property to his wife and three children, the natural objects of his bounty. On the contrary, it exhibits a clear purpose to give them the entire property with no restrictions save that of temporary possession and management, which for reasons best known to himself, he put in the hands of trustees. He suggests no contingency save the common one of death, which can in any way interfere with this disposition of the property; and if death does not intervene, the gift of both income and principal is complete and final. The defendants contend that these provisions create only an executory bequest and no vested interest in the principal till the end of the ten-year period. They insist that this contingent interest is not subject to transfer, inheritance or levy. The plaintiff, on the other hand, maintains that Walter takes a vested

remainder (subject to be divested) which is alienable, inheritable and may be taken by the trustee in bankruptcy. The defendants do seem to concede that these beneficiaries take a present vested interest in the income under the trust. It will be noted, however, that the gift of the income is conditioned exactly as is the gift of the principal, viz., upon the survival of the beneficiary. If it cannot be known who will take the principal till the ten-year period expires, it is also true that it cannot be known who will take the income at any period when the trustees are to pay it, for in either case, the death of any one of the named beneficiaries may divert his portion to his children or to the survivors.

A contingent remainder arises where the limitation is either to a dubious or uncertain person or where it rests upon a dubious or uncertain event, while a vested remainder is a limitation to a definite person with enjoyment of possession postponed, and there must be a particular estate to support it. The law favors a vesting and a provision is not construed as an executory devise or bequest if it can be held to be a remainder; nor as a contingent remainder if it can be held to be vested. Furthermore, interests created by will—whether present or prospective as to enjoyment —vest prima facie at once upon the taking effect of the will, and words of futurity are preferably taken in the sense that they do not impose a condition precedent. *Dale* v. *White,* 33 Conn. 294; *Johnes* v. *Beers,* 57 Conn. 295, 18 Atl. 100.

Executory devises and bequests are excluded by construction, if the estate can fairly pass as a remainder, and vested interests are presumed as against contingent remainders. 2 Page on Wills (2d Ed.) §§1110, 1117; 40 Cyc. p. 1650; *First National Bank* v. *Somers,* 106 Conn. 267, 272, 137 Atl. 737.

Where the beneficiary is certain, and the event upon which he is to take is also certain, but the possession is postponed during the existence of an intermediate estate, there is a present vested remainder. The bare fact that the beneficiary may die before the time of possession arrives does not render his interest contingent even though the interest may go to others upon the happening of the contingency. A remainder is contingent where either the beneficiary or the event is uncertain, one or both. 1 Tiffany on Real Property (2d Ed.) pp. 524, 525.

Whether a remainder is vested or contingent is to be determined by the *present* capacity of one to take upon the occurrence of the event upon which the remainder is limited and *not* upon the certainty that he will be in existence when it occurs. The true test is not the uncertainty of enjoyment in the future, but the certainty of right of enjoyment. *State Bank & Trust Co.* v. *Nolan,* 103 Conn. 308, 330, 130 Atl. 483.

There is an essential distinction between such a provision and one where, for example, the gift is to such persons as *may be living at a certain time,* or a gift to certain persons *if living at that time.* Such language clearly speaks in terms of the future and it is impossible to determine the identity of the beneficiaries until that time arrives. *White* v. *Smith,* 87 Conn. 663, 89 Atl. 272; *Colt* v. *Hubbard,* 33 Conn. 281; *Ingersoll* v. *Ingersoll,* 77 Conn. 408, 59 Atl. 413.

The will in question makes a present gift to the wife and children of the testator, of all the residuary estate, and it is unaffected by the fact that possession of the principal is temporarily withheld, or by the further fact that in the event of death another person may take. It is the familiar instance of a gift to a person by name with provision that in the event of his death it goes to another then to be ascertained. Such pro-

visions create a present vested estate in the named beneficiary, subject to divestment. *Allen* v. *Almy,* 87 Conn. 517, 523, 89 Atl. 205; *Carpenter* v. *Perkins,* 83 Conn. 11, 74 Atl. 1062. The testator provides for the sole contingency of death by substituting the children or the survivors of the deceased, as the case may be, and this alternative or substitutionary provision is applied specifically to both the income and the principal of the fund. When the general scheme of the will is considered, it is apparent that the testator's purpose was to make a present and complete gift of both income and principal to these beneficiaries by name. It is true they cannot get possession of the principal unless they live to the end of the ten-year period; but it is also true that they cannot get possession of the income unless they live to the time the trustees are to pay it. A mere postponement of possession, however, does not mean a gift *in futuro.* The gift of both principal and income is a present one, even though it be turned over to another in the event of death. *Loomer* v. *Loomer,* 76 Conn. 522, 528, 57 Atl. 167. Among other illustrative cases in this State are: *Dale* v. *White,* 33 Conn. 294; *Austin* v. *Bristol,* 40 Conn. 120; *Beckley* v. *Leffingwell,* 57 Conn. 163, 17 Atl. 766; *Belfield* v. *Booth,* 63 Conn. 299, 27 Atl. 585; *Norton* v. *Mortensen,* 88 Conn. 28, 89 Atl. 882; *Bartram* v. *Powell,* 88 Conn. 86, 89 Atl. 885.

We cannot therefore sustain the contention of the defendants that the language of the will shows the testator intended to give Walter only a possible future interest and to make it impossible for him to transfer or assign it for ten years, but to keep it intact for his "protection." The most we can gather from the will is an inference that the testator assumed all these beneficiaries would continue to enjoy their respective interests during the ten-year period. There is no indi-

cation that he contemplated, or attempted to provide for, the present situation; nor do we find any indication of an attempt to bind them to thus retain their respective interests. Nor can we agree that here are two separate and distinct funds, as defendants contend, viz., the first a farm held in trust and the second a sum of money for division. On the contrary, there is but one fund transmitted by the will, viz., the testator's residuary estate. The provisions for the retention of the farm and its ultimate conversion into cash are purely investment regulations with no effect upon the identity of the fund itself.

While we thus reach the conclusion that the gift of this residuary estate, including both the principal of the fund and ten years' income therefrom, was a present gift and vested the title at the death of the testator, the question remains whether such a vested interest can be taken by a trustee in bankruptcy. The defendants deny the right and rely upon *Bristol* v. *Atwater,* 50 Conn. 402, and *Smith* v. *Gilbert,* 71 Conn. 149, 14 Atl. 284. It was held in the former case, that the will created an executory devise, since this could be the only result of the attempt to limit a fee after a fee, and that there was no vested interest to be taken by the trustee in bankruptcy. In the *Smith* case, the will gave the testator's estate to his wife for her life, with remainder over to two sons of the testator, with provision that if either son should die before the life tenant, leaving lawful issue, then such issue should take the share of the deceased. At the date of the will each of the two sons had a child living, and after the testator's death, another child was born to Henry, and all were living at the time of the attempted attachment of Henry's interest, which was made during the life tenancy. We there held that no estate in land could be taken on execution and sold, under the statute law

of this State, unless at its "true value," to be estimated and fixed by three disinterested freeholders, and if the estate were less than a fee, as in that case, it must be of such a character that its value could be determined with reasonable precision. In this view of the case, we held that the attempted attachment was void because it was impossible to fix the value of the interest with reasonable precision.

The Federal Bankruptcy Act, §70a (5), provides: "The trustee of the estate of a bankrupt . . . shall . . . be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, . . . to all . . . property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

From the conclusion we have reached in the present case, as to the nature of the interest of the bankrupt, it follows that he was, before the adjudication in bankruptcy, vested with an interest under his father's will which he could have transferred or assigned, and the trustee in bankruptcy thus became vested, by operation of law, with that title. *Loomer* v. *Loomer*, 76 Conn. 522, 528, 529, 57 Atl. 167. We are not now concerned with a situation where there had been a levy and sale attempted under our statutes, as in *Smith* v. *Gilbert*, 71 Conn. 149, 14 Atl. 284.

We answer the questions as follows: (A) The trustee takes a vested interest in the income accruing to Walter S. McKenney under the trust provision of the will. (B) The interest of Walter S. McKenney in the corpus of the trust fund, under the will, was vested upon the death of the testator. (C) Yes.

In this opinion the other judges concurred.