This is an action for a declaratory judgment brought by Helen D. LaPlace as the administratrix of the estate of Simon R. LaPlace against herself individually, she being the widow of Simon R. LaPlace, and William B. LaPlace, Hortense LaP. Carlson and Eleanor LaPlace, who are the children of said Simon R. LaPlace. The ultimate question propounded is whether at the time of his death Simon R. LePlace had a vested interest in the one-third of the real and personal estate of his *Page 281 
father, William G. LaPlace, which is subject to the life use of the latter's widow, Clara Stevens LaPlace. The resolving of this question turns on the interpretation of the will of said William G. LaPlace.
William G. LaPlace died August 30, 1935, leaving surviving his widow, Clara Stevens LaPlace, who is still alive and is seventy-two years of age, and three children, Simon R. LaPlace. Mrs. Fisk Shailer and Francis W. LaPlace. (The interest of said Francis W. LaPlace in his father's estate has since been acquired by Simon R. LaPlace and Mrs. Fisk Shailer)
The will of William G. LaPlace, after directing the payment of his debts and funeral expenses, provided:
"I dispose of my property and estate in manner as follows:
"1. I give and bequeath to my wife, Clara Stevens LaPlace, the use for life of one-third in value of all the property, real and personal, legally and equitably owned by me at the time of my decease, to be set out to her by distributors as provided by statute.
"2. All the rest, residue and remainder of my property, both real and personal, of whatever kind and wherever situated, I give, devise and bequeath to my legal heirs according to the rule of distribution of intestate estates in the State of Connecticut in force at the date of this will.
"3. I nominate and appoint my wife, Clara Stevens LaPlace, to be the sole executor of this will."
The will was dated January 17, 1928.
In the distribution of the estate of said William G. LaPlace there was set to Clara Stevens LaPlace the life use of certain specific personalty. The securities set to her she immediately transferred to The Hartford National Bank and Trust Company to hold in trust during her life. All of the realty was set to the three children of William G. LaPlace, to each an undivided one-third interest, subject to the use for life to Clara Stevens LaPlace of one-third.
Simon LaPlace died March 3, 1947, intestate, leaving a widow, Helen D. LaPlace, and the three children above mentioned as his next of kin and only heirs at law. The plaintiff alleges that she is in doubt whether she should inventory as a part of the estate a one-half interest in the estate of William *Page 282 
G. LaPlace subject to the life use of Clara Stevens LaPlace. As an individual, Helen D. LaPlace disavows any claim that she is a legal "heir" under the will of William G. LaPlace or that she is a "legal representative" of Simon R. LaPlace under the Statute of Distributions so that she might take directly under the will of William G. LaPlace after the death of her husband. She does claim that Simon R. LaPlace, at the time of his death, had a vested interest in the assets, both real and personal, of the estate of William G. LaPlace, subject to the life use of the latter's widow. The three surviving children of Simon R. LaPlace claim that at his death he had no vested interest in the remainder of his father's estate, that the remainder interest in the one-third of William G. LaPlace's estate will not vest in anyone until the death of the life tenant and that the action of the distributors in distributing it subject to the life estate was improper and illegal.
Looking at the will of Simon R. LaPlace, there can be no question but that it was the expressed intention to dispose of the remainder interest in question by that will. That remainder is not intestate. By the second paragraph he bequeaths not only the rest and residue of his estate but also the "remainder." The remainder interest after the life estate is expressly carried by the second paragraph.
That the second paragraph of the will incorporates by reference "the rule of distribution of intestate estates in the State of Connecticut" offers no difficulty of interpretation. It is clear that the expressed intention of the testator was to bequeath the remainder interest to whomsoever might be his heirs as fixed by the Statute of Distributions. Under that statute a decedent's heirs are determined as of his death. In this case they were the testator's three children who were living at the date of his death and who were his only children. It is as though, then, the testator had said, "I bequeath the remainder interest to my three children, Simon R. LaPlace, Mrs. Fisk Shailer and Francis W. LaPlace."
That being the disposition made of the remainder interest, there was nothing in the will which prevented a one-third interest in that remainder from vesting in each of those children immediately upon the testator's death. There was no condition nor contingency attached to the bequests. There was nothing to indicate that the testator intended to postpone until the death of his widow the determination of who his "heirs" might be. *Page 283 
The enjoyment of the remainder, of course, would have to be postponed until after the death of the life tenant. That is always so where a life use is created. But there is nothing which either makes it necessary to postpone the vesting of the right to the remainder or indicates that the testator intended that it should be so postponed.
The presumption, of course, is always in favor of the early vesting of right to property devised or bequeathed. Budington
v. Houck, 134 Conn. 72, 75. The general rule as stated in Gaffney
v. Shepard, 108 Conn. 339, 345, is: "Where the beneficiary is certain, and the event upon which he is to take is also certain, but the possession is postponed during the existence of an intermediate estate, there is a present vested remainder. The bare fact that the beneficiary may die before the time of possession arrives does not render his interest contingent even though the interest may go to others upon the happening of the contingency."
In the present case, as already pointed out, the beneficiaries who were to take the remainder interest under the will were certain. They were the testator's heirs under the distribution statute. As of his death he left three children who were alive. There were no deceased children or representatives of deceased children. His "heirs," as they are referred to in his will, being those persons as provided in the distribution statute, were to be ascertained as of his death. There was therefore no uncertainty as to who was to take.
Likewise, the event upon which they were to take was certain. That event was to be the death of the testator's widow. That was an event which was sure to occur.
Accordingly, it is concluded that the expressed intention of the testator was to vest the remainder interest in the one-third of his estate which was subject to the life use of his widow in his three children immediately upon his death. And in this regard no distinction is to be made between his personal property and his real estate.
The contention made by the children of Simon R. LaPlace that it was the apparent intention of the testator to exclude from those taking under the will anyone not of the blood might have some force if anyone were claiming that the widow of Simon R. LaPlace should take directly under the will. Such an interpretation of the will is, however, out of the question. So far as *Page 284 
she takes at all it is through the estate of her husband and not directly from the will of William G. LaPlace. that contention, therefore, has no relevancy in the case.
 For the foregoing reasons a judgment may enter declaring the rights and obligations of the parties as follows:
1. Helen D. LaPlace is not a "legal heir" under paragraph 2 of the will of William G. LaPlace nor is she a "legal representative" of Simon R. LaPlace with reference to said will.
2. The distribution made by the distributors of the estate of William G. LaPlace was a proper and legal distribution.
3. Under the will of William G. LaPlace, at the time of his death his son Simon R. LaPlace had vested interest in one-half of the remainder interest in the one-third of the estate of William G. LaPlace which was subject to the life use of Clara Stevens LaPlace, and
4. Such interest pertains to both the personal and real property in which Clara Stevens LaPlace has the life use.
No costs will be taxed in favor of any party.